PAHOA, w., *vs.* HAUPU, K.

LIBEL FOR DIVORCE—ON QUESTION RESERVED.

THE ACT OF 1878 forbidding, in libels for divorce on the ground of extreme cruelty and desertion, the recrimination of respondent's adultery subsequent to desertion, is not unconstitutional.

Opinion of the Court by JUDD, J.

At the last October Term of this Court, this case came on

to be heard before a single Justice. The ground on which the petition for divorce was based was the extreme cruelty of the respondent, as well as his willful and utter desertion for three years.

It was developed at the trial that at the January Term, 1878, the matrimonial difficulties of this couple had been before the Court upon the petition for divorce of the husband Haupu, alleging that his wife, Pahoa, had deserted him willfully and utterly, and was guilty of adultery.

The testimony taken in that case clearly proves that she had been guilty of adultery subsequent to her leaving her husband, and that she was then living with a paramour. There was also evidence showing that she left her husband on account of his cruelty to her. The Court refused the husband's petition, on the ground that his wife's desertion was justified.

When the second case was on trial, the wife now being petitioner, the Court was proceeding to examine a witness as to the good conduct of the wife, the witness being one who had, in the former case, testified to her adultery, when Mr. Castle, her counsel, objected to the admission of this testimony, citing the Divorce Law of 1870, Section 6, which provides that "no divorce for the cause of adultery shall be granted. * * * Fourth. Where there is reasonable cause to believe that the libellant has been guilty of any act which would have entitled the defendant, if innocent, to a divorce;" and Section 3 of an Act of the Legislature of 1878, which reads, "Section 6 of said Chapter is hereby amended by annexing thereto, after the last word thereof, the following words: The fourth ground for refusing a decree above mentioned shall not be applied to an application for divorce for any other cause than that of adultery, nor shall any allegation with reference to such cause be necessary in the libel."

The Justice reserved the question for the consideration of

the full Court, and the Court heard the bar generally in this discussion.

It was suggested that the statute of 1878 forbids enquiry into the good conduct and pure life of the petitioner when the petition alleges as the ground of divorce the willful and utter desertion of the respondent, or extreme cruelty, habitual intemperance, or any cause of divorce except adultery. It is further suggested that such a law is contrary to good morals and "unwholesome," and should be declared unconstitutional. Article 48 of the Constitution authorizes the Legislature "from time to time to make all manner of wholesome laws, not repugnant to the provisions of the Constitution."

This Court in Kalua vs. Kamaua, January Term, 1878, held that in a libel for divorce on the ground of desertion, recrimination of adultery would be a good defense and justify the refusing of a divorce. To prevent refusals of divorce on like grounds after this decision had been made, the Act of 1878 was passed by the Legislature, which allows a suitor to obtain a divorce for the desertion of the other party to the marriage contract though he himself be guilty of adultery subsequently. But we are here met with the question, cannot one party to the marriage, who is charged with desertion, show in defense that the adultery of the other was the reason for desertion? We hold that this may be allowed. This would not be the "recrimination" which the statute forbids; for we understand recrimination to be an admission of guilt and a charge of like sin upon the other party to the marriage contract; whereas, the words "willful desertion" in our statute mean desertion that is causeless and unjustifiable, and the respondent may show in defense that the desertion was not of that character, because occasioned by the adultery of the petitioner. This the Legislature has not forbidden to be shown; but it does forbid the showing of adultery of petitioner after the desertion has been commenced. Misconduct which is subsequent to the

Pahoa, w., *v.* Haupu, k.

acts which separated the parties cannot be inquired into. Is this law unconstitutional?

Judge Cooley, in his work on Constitutional Laws, p. 164, says: "Nor can a Court declare a statute unconstitutional and void solely on the ground of unjust and oppressive provisions, or because it is supposed to violate the natural, social or political rights of the citizen, unless it can be shown that such injustice is prohibited or such rights guaranteed or protected by the Constitution." Now, the relaxing of the provisions of the law in regard to what is required to be proved before a divorce can be granted is not an infringement of any right, either natural, social or political, which the Constitution guarantees.

The Legislature has the authority to pass laws regulating the marriage relations, and to declare what may and what may not be grounds for dissolving it, and also what defenses may be interposed as grounds for the Court refusing to dissolve the relation. This is a pure question of policy, on which various opinions are held, and the Court cannot venture to substitute its own judgment for that which the Legislature has thus exercised in a matter within the scope of their constitutional powers.

The case is therefore remitted to the Justice who held the October Term for judgment.