*D. H. Case* and *E. Vincent* for defendant.

---

## JIUICHIRO NISHIHARA *v.* TOKU NISHIHARA.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JUNE 15, 1914.                    DECIDED JUNE 25, 1914.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE ROBINSON
IN PLACE OF QUARLES, J.

DIVORCE—*desertion.*

Where a husband sues his wife for a divorce on the ground of desertion and it appears from the evidence that such desertion was wilful and utter for a period of more than one year, *held,* that the bringing of another woman to this Territory and the mere claiming by the husband of such other woman as his wife, subsequent to the desertion, unaccompanied by proof of any illicit or improper relations with such woman, is not sufficient ground for refusing a decree to the deserted husband.

SAME—*review of facts on appeal—conflicting evidence.*

In cases turning wholly or largely upon the credibility of witnesses and the weight of testimony much weight is accorded to the findings of the trial judge who saw the witnesses and heard them testify, the general rule being that a decree granting or refusing a divorce on evidence which is conflicting will not be disturbed.

OPINION OF THE COURT BY WATSON, J.

The complainant husband obtained a decree of divorce from his wife on the ground of wilful and utter desertion for the term of one year and the defendant wife appeals. It is alleged

that the parties were married in the Empire of Japan in February 1902; that thereafter, to wit, in May 1903, they arrived at Honolulu in the Territory of Hawaii and that they lived together continuously thereafter in said Honolulu until August 1908, when the wife, presumably with the consent of the husband, went to the Empire of Japan where she remained until September 1912, when she returned to Honolulu and again took up her abode with her husband; that after living with him for about two weeks, on or about the 30th day of September 1912, without cause or excuse, she utterly and wilfully deserted and abandoned her husband and refused to live and cohabit with him; that such desertion has been wilful and continued up to the time of the filing of the libel, to wit, February 20, 1914. There is no dispute as to the fact that defendant left complainant on or about September 30, 1912, as alleged in the libel, and that she has not lived or cohabited with him since that time. As to the cause and manner of her leaving, however, there is a sharp conflict in the evidence. Complainant testified that on the return of defendant from Japan in September 1912, she said she did not like to work in his house and left; that he asked her not to leave and told her that he wanted her there but she refused to remain and went away; that he had given her no reason for leaving him. K. Sinoichi, the brother-in-law of complainant, called as a witness on his behalf, testified that in September 1912, shortly after the return of the defendant from Japan, she told him that while in Japan she had heard that her husband was keeping another woman in Honolulu; that she would like to have separate work away from her husband and that she wanted to leave him. Witness told her that there were no grounds for such a report in regard to complainant, and defendant answered "under those circumstances all right;" that defendant spoke to witness about the same matter the following day and altogether had two or three conversations with him in that regard; that a short time afterwards defendant left complainant. Sinoichi Kanu, wife of the witness last referred to

and a sister of complainant, also testified that defendant told her in September 1912, shortly after her return from Japan, that she wanted separate work away from her husband; that witness had six or seven conversations with defendant and defendant gave as her reason for wanting to leave complainant that she had heard that her husband had formed an attachment for a sweetheart in Honolulu. Witness further testified that prior to the time defendant went away she had never seen any trouble between complainant and defendant and had never seen complainant mistreat defendant in any way. George M. Yamada, who so far as the record shows was a disinterested witness, called on behalf of complainant, testified that he knew complainant and defendant and had known them for many years; was friendly with both parties; that shortly after defendant left complainant, acting as a "go-between," he saw the defendant at the house of one Kobayashi on King street, in Honolulu, and tried to get defendant to go back to her husband, "but she said under no circumstances would she return to her husband * * * she was in a very jealous disposition then * * * she accused the husbnad of having some illicit connection with a woman who was a waitress in a restaurant * * * by the name of Otaka;" the husband was present at the time and denied this. Defendant, sworn as a witness in her own behalf, while admitting having had a conversation with Yamada at the house of Kobayashi, denied that he had asked her to return to her husband, and stated that the only conversation held between them related to a certain newspaper publication which appeared with respect to the affairs of herself and husband; defendant testified that she never refused to go back to her husband; she further denied having told the Sinoichis that she wanted to go away to work; she testified that Mrs. Sinoichi "came to me and asked me and says 'he is in this kind of work here and it is necessary for him to have his wife here and I am going to Japan to get a geisha girl to be his wife and won't you submit to that for a couple of years,' but I said I don't want that; refused it;

so I went to him (complainant) and told him." She further testified in substance that her husband, the complainant, then ordered her to leave. "He told me to get out; that is the reason I left * * * he told me to go and I left." Mrs. Sinoichi, called in rebuttal, denied absolutely the conversation testified to by defendant. At the conclusion of the evidence the circuit judge in deciding the case said: "In a case like this, where the testimony is absolutely conflicting, the court is bound to take the story which appeals to him the more and which he thinks is established by the evidence most. It appears to the court that this woman left the man on account of jealousy. The court is therefore bound to grant the divorce. The prayer of the libellant will be granted," etc. From the remarks of the judge in granting the divorce it is evident that he believed the testimony of the complainant and his witnesses and disbelieved the evidence of defendant that she had been driven away by complainant. It appears by the admission of complainant's counsel, made in open court, that on the 16th day of February, 1914 (four days prior to the filing of the libel in this case), a woman named Fusa Nishihara applied to the U. S. immigration authorities for admission on the ground that she was the wife of the complainant Jiuichiro Nishihara; that complainant appeared at the immigration station and claimed she was his wife; that some protest was made that he was not divorced yet from the defendant and the woman Fusa was paroled in the custody of Mr. Ozawa (a member of the bar of this court); and that said woman is now in the Territory of Hawaii. Supplementing this admission, complainant on cross-examination admitted that the woman Fusa had come to this country for the purpose of marrying him and that she had arrived at the port of Honolulu claiming to be his wife, but the immigration officials had told him he could not marry her until he obtained a divorce, and that after he obtained his divorce he intended to marry her. There is no evidence of any improper or illicit relations between complainant and this woman Fusa, but counsel for the

defendant argues that the arrival of the woman, claiming to be the wife of complainant, and plaintiff's statement to the immigration authorities that she was his wife corroborates the testimony of defendant that she was driven from home by the complainant who at that time entertained the plan of supplanting her as his wife by another. In rebuttal counsel for complainant offered to prove by a witness called for that purpose that there was a divorce between complainant and defendant under the laws of Japan; that in May 1913 complainant *bona fide* believed this divorce to have been granted and to be in force and effect and that he, complainant, under that belief acted in good faith in bringing the woman Fusa to this country. To this testimony there was objection on the ground that it was incompetent, irrelevant and immaterial and not rebuttal, which objection was sustained and the evidence was refused. Counsel for appellant contends that where the conduct of the husband is such as to cause the wife to leave her husband and subsequent conduct shows that his intention is to get rid of her as soon as possible, using the excuse that she voluntarily left him, a divorce will not be granted. He cites numerous cases upholding his contention and argues that the judgment of the circuit judge should be reversed and the divorce refused. The authorities referred to meet with our entire approval, but they are only applicable in the event the evidence of the defendant is accepted as true, and as already stated the circuit judge, who heard the case and no doubt gave due consideration to the conflicting evidence, did not believe the evidence of defendant but did believe the evidence of complainant and his witnesses as to the cause and manner of defendant's leaving complainant's home. There is no evidence of any misconduct on the part of the husband or any ill-treatment of his wife by him prior to the time of the desertion that would justify her in the desertion, and for that reason, in our opinion, the authorities cited by counsel are not applicable. As already stated, there was no attempt to prove any improper relations between complainant

and the woman Fusa, but even had adultery between them been shown, occurring subsequent to the desertion, we are of the opinion that under a statute of this Territory it would not constitute a defense to the action brought by complainant against defendant on the ground of desertion. Section 2233 of the Revised Laws provides, *inter alia,* "No divorce for the cause of adultery shall be granted: * * * Fourth. Where there is reasonable cause to believe that the libelant has been guilty of any act which would entitle the defendant, if innocent, to a divorce. The fourth ground for refusing a decree above mentioned, shall not be applied to an application for a divorce for any other cause than that of adultery," etc. In *Pahoa* (w) v. *Haupu* (k), 4 Haw. 158, this court had occasion to construe and pass upon the application of the statute above quoted. Mr. Justice Judd, speaking for the court, after referring to the statutory provisions above quoted, on page 160 said: "This court in *Kalua* v. *Kamaua,* January Term, 1878 (4 Haw. 58), held that in a libel for divorce on the ground of desertion recrimination of adultery would be a good defense and justify the refusing of a divorce. To prevent refusals of divorce on like grounds after this decision had been made the act of 1878 was passed by the legislature which allows a suitor to obtain a divorce for the desertion of the other party to the marriage contract though he himself be guilty of adultery subsequently. * * * The legislature has the authority to pass laws regulating the marriage relations and to declare what may and what may not be grounds for dissolving it, and also what defenses may be interposed as grounds for the court refusing to dissolve the relation. This is a pure question of policy * * * and the court cannot venture to substitute its own judgment for that which the legislature has thus exercised in a matter within the scope of their constitutional powers." The desertion of complainant by defendant took place, according to the undisputed testimony, on or about September 30, 1912, and assuming such

desertion to have been wilful and utter, in the view taken by the circuit judge, after the statutory period of one year, to wit, on September 30, 1913, complainant was entitled to maintain his action for divorce. The woman Fusa came into the Territory, claiming to be the wife of complainant, on February 16, 1914, some months after the statutory period had elapsed and after complainant's right of action for a divorce had accrued. Inasmuch as under the statute and the authority of *Pahoa* v. *Haupu, supra,* recrimination of adultery subsequent to the desertion would not be a good defense, we can but hold that the mere claiming by the complainant of the woman Fusa as his wife would not justify the court in refusing a decree to the complainant in this case. "Where a statutory ground of divorce exists the court has no power arbitrarily to deny a divorce." 14 Cyc. 578, and cases cited. While it is true that under the present law (Act 22, S. L. 1903) divorce decrees are "reviewed upon appeal and the entire testimony is examined as in appeals in equity suits, * * * in cases depending wholly or largely upon the credibility of witnesses and the weight of testimony much weight is accorded to the findings of the trial judge who saw the witnesses and heard them testify." *de Coito* v. *de Coito,* 21 Haw. 339, 342. In this case the determining issue is whether defendant wilfully deserted and abandoned complainant, as testified by complainant and other witnesses whose testimony has been referred to above, or whether defendant was ordered to leave the marital abode by complainant and left in pursuance of such order, as testified to by her. On this issue the circuit judge, who heard the case and had the witnesses before him, found in favor of complainant "that this woman (defendant) left the man on account of jealousy," which, so far as the record shows, was at that time without foundation. In our opinion the preponderance of the evidence sustains this finding and we do not feel that we would be justified in reversing the same. The general rule is that "A decree granting or refusing a di-

vorce on evidence which is conflicting will not be disturbed." 14 Cyc. 735.

The decree appealed from is affirmed.

*G. A. Davis* (*A. K. Ozawa* with him on the brief) for complainant.

*L. Andrews* for defendant.