WILLIAM VALDEZ *v.* ADELINE VALDEZ.

No. 1786.

ARGUED NOVEMBER 22, 1927.        DECIDED NOVEMBER 30, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from a decree rendered in a proceeding for divorce. The suit was instituted by the husband on two grounds, namely, desertion and adultery. The wife by her answer denied the existence of both these grounds and by cross-libel asked for a divorce from her husband on the ground of failure to provide for the statutory period of sixty days. The circuit judge granted the husband a divorce on both the grounds set out in his libel and dismissed the wife's cross-libel. This is the decree appealed from.

The marriage of the parties was established by uncontradicted testimony and the fact that they had separated prior to the commencement of the suit was similarly proven. The adultery of the wife was also proven and was admitted by her. She contends, however, that after her adultery had been made known to her husband he forgave her the offense and therefore is not entitled

to a decree of divorce on that ground. Section 2971, R. L. 1925, relating to forgiveness by the injured spouse, is in part as follows: "No divorce for the cause of adultery shall be granted: First. Where there is reasonable cause to believe that the offense has been committed by the procurement or with the connivance of the libellant. Second. Where the offense charged has been forgiven by the injured party. Such forgiveness may be shown by express proof, or by the voluntary cohabitation of the parties, with knowledge of the fact."

The testimony upon which the claim of forgiveness is predicated is in some respects uncontradicted. It is undisputed that in June, 1925, the husband left the house of his wife's parents in Honolulu where he and she were residing and did not return until February or March, 1927. The circumstances under which he left and the cause of his leaving are in dispute. We need not at this time, however, consider whether his leaving was voluntary, as claimed by his wife, or the result of being ordered to leave by her, as claimed by him. At all events he remained away from her for nearly two years. Upon his return in February or March, 1927, he spent one night with her at the house of her parents, where she had continued to reside. They slept together in the same bed and indulged, at least once, their sexual propensities. At sometime during the night—whether before or after their sexual indulgence, is in dispute—she confessed to him that she had been guilty of adultery and was as a result in a state of pregnancy. The day following he went away on a ship on which he was employed as a water tender. He testified that his act of sexual intercourse with his wife on the night of March 15 was before she confessed her adultery and pregnancy and that although he spent the remainder of the night with her he had no further sexual relation with her.

The wife testified that her confession was prior to the act of intercourse.

Since the trial judge granted the husband a divorce on the ground of the wife's adultery he must have believed the husband's testimony as to what occurred rather than the wife's, otherwise the act of intercourse would have constituted forgiveness within the meaning of the statute already quoted and would have been a complete defense to the husband's suit for divorce on the ground of adultery. We withhold any expression of opinion as to the reasonableness of the judge's conclusion regarding this aspect of the evidence.

The undisputed evidence, however, shows that on or about April 21 he again returned to his wife and remained with her until a week before he filed the present libel—a period of some three weeks. During this time he lived in the same house with her and slept in the same bed with her. He testified that during this period he had no sexual relations with his wife at all. The wife, on the other hand, testified that during this period he did have sexual relations with her.

When asked during his examination to explain why he returned to her in April and remained with her until shortly before filing his libel for divorce he said that he was "spying" on her in order to find out the man who was responsible for her pregnancy. Again the trial judge apparently believed the husband's story rather than the wife's. Should his conclusion in this regard be sustained?

We are aware, of course, of the rule so often reiterated by this court that in cases of this character, where the evidence is conflicting, great weight will be given the findings of the trial judge and *generally* they will not be disturbed. In *Nishihara* v. *Nishihara,* 22 Haw. 189, 195, 196, the court said: "The general rule

is that a decree granting or refusing a divorce on evidence which is conflicting will not be disturbed." As has been decided with equal frequency, however, this does not at all mean that the findings of fact made by the trial judge are absolutely conclusive and therefore preclude our inquiry into their correctness. The rule is thus stated in *de Coito* v. *de Coito,* 21 Haw. 339, 342: "Under our former practice, when jurisdiction over divorce matters was exercised by the circuit courts and cases were reviewed by this court upon exceptions, it was held in a long line of cases that a decree in a divorce case had the effect of a verdict of a jury and could not be reversed as being contrary to the evidence if there was evidence to support it. But since the Act of 1903 (Act 22 Session Laws of 1903) which transferred the jurisdiction of divorce cases to the circuit judges at chambers, divorce decrees have been reviewed upon appeal, and the entire testimony is examined as in appeals in equity suits. In such cases this court draws its own conclusions as to the facts from the evidence adduced, though in cases depending wholly or largely upon the credibility of witnesses and the weight of testimony much weight is accorded to the findings of the trial judge who saw the witnesses and heard them testify." In *Estate of Isenberg,* 28 Haw. 590, 662, the rule is thus stated: "Upon an appeal in an equity case, this court is not limited to the question of law whether there is sufficient evidence to support the findings of the trial court but may weigh the evidence and make its own findings of fact as well as rulings of law. This is well settled."

Under this view of the law we feel not only authorized but it is our manifest duty to reverse findings of fact made by the trial judge when the evidence or deductions from the evidence are so strong as to leave no doubt

in our minds that his findings were erroneous. The instant case clearly presents a situation of this kind.

The husband's testimony that he had no sexual relation with his wife during the many nights he slept with her between April 21 and a week before he began his divorce proceedings is so unreasonable and improbable as to be incredible. He was between thirty and thirty-five years of age and his wife was considerably younger. So far as the evidence shows to the contrary they were both in good physical health and apparently there was no hostility between them. They were both of Latin blood. He was a seafaring man and had been away from her for more than a month. Under these circumstances it is too great a tax on human credulity to believe that the parties abstained entirely from an indulgence of their physical desires. We think the contrary conclusion of the trial judge was error.

The voluntary cohabitation which occurred more than a month after the husband had been informed of his wife's infidelity constituted forgiveness by him and disentitled him to a divorce on the ground of adultery.

The divorce was also granted on the ground of desertion. Was this likewise error? Undoubtedly. Conceding that the separation of the parties in June of 1925 was due to the wife's fault in ordering her husband to leave the house where they resided and that this constituted desertion by her, the husband's subsequent voluntary resumption of marital relations with her was a condonation of such desertion and restored the *status quo ante*. There is no evidence of subsequent desertion by the wife. When the final separation occurred in May, 1927, it was the husband and not the wife who deserted. That portion of the decree, therefore, granting the husband a divorce must be reversed.

The remaining question to be decided is whether it

was error to refuse to grant the wife a divorce on her cross-libel. As we have already observed, she sought a divorce on the ground that her husband had failed to provide suitable maintenance for her for a continuous period of not less than sixty days before her cross-libel was filed. Her cross-libel was filed on June 16, 1927. The evidence is undisputed that after the separation in May and up to the filing of the cross-libel in June the husband contributed nothing to the support of his wife. This, however, being for a period of less than sixty days does not alone suffice. The evidence is conflicting as to what his contributions were subsequent to his return in February or March and prior to the separation in May. He testified that he gave her $45 in March and $59 plus $18 about April 26 or 27. She admitted that she received $40 in February but denied that she had subsequently received any other sums. We cannot say with that degree of certainty necessary to a reversal of the circuit judge that he was wrong in believing the husband rather than the wife on this point. Nor can we say that the contributions the husband testified he made were insufficient for the wife's maintenance during the sixty-day period.

There is another phase of the case that requires our consideration. There was born to the parties a female child. She is now about four years of age. The trial judge decreed her custody to the father. It is urged that this was an abuse of discretion and that this court should correct the error. It is our opinion, however, that that part of the decree granting the husband a divorce should be reversed and that this court should enter a decree dismissing his libel. It is also our opinion that that part of the decree denying the wife a divorce should be affirmed. This leaves the parties undivorced. Under these circumstances we cannot make

any order regarding the custody of the child. In a divorce proceeding it is only when a divorce is granted that the court has jurisdiction to dispose of minor children. (See R. L. 1925, Sec. 2980.)

Upon presentation a decree in conformity with this opinion will be signed.

*O. P. Soares* (also on the brief) for libellant.

*H. E. Stafford* (also on the briefs) for libellee.