# FANNIE HART *v.* JAMES HART.

## No. 991.

### ERROR TO CIRCUIT JUDGE, FIFTH CIRCUIT.

### HON. L. A. DICKEY, JUDGE.

ARGUED FEBRUARY 21, 1917.                DECIDED MARCH 13, 1917.

### ROBERTSON, C.J., QUARLES AND COKE, JJ.

DIVORCE—*alimony.*

> The subsequent misconduct of a wife can be considered upon an application to modify an allowance of alimony, but where the facts disclose a single lapse from virtue, in the absence of other facts and circumstances showing a disposition to err on the part of the wife, such showing is insufficient to warrant the court in disallowing her all future alimony to which she would otherwise be entitled.

SAME—*modification of decree.*

> Although in this Territory there is no express authority therefor a circuit judge has undoubted authority to alter or modify the decree respecting the award of alimony upon a proper showing.

SAME—*allowance for expenses and attorney's fees.*

> The provisions of section 2935 R. L. are broad enough to include the allowance of expenses and attorney's fees incurred or to be incurred by a wife in resisting an application for an order revoking an allowance of alimony.

### OPINION OF THE COURT BY COKE, J.

The record in this case shows that libellant and plaintiff in error, Fannie Hart, was granted an absolute divorce from the libellee and defendant in error, James Hart, by the circuit judge of the fifth circuit on the ground of cruelty. The decree was made and entered on June 28, 1916, and became effective from and after July 5, 1916. The plaintiff was also awarded permanent alimony in the sum of fifteen dollars per month, payment thereof to commence on the 10th day of July, 1916. There was no showing that either of the

parties possessed any property and the decision of the court shows clearly that the allowance of alimony to the plaintiff was to come out of the future earnings of the defendant, which the court found amounted to about fifty dollars per month. Thereafter and on or about the 9th day of July, 1916, plaintiff was arrested and charged with having committed the offense of fornication with one Peahu, and on the 10th day of July, 1916, she plead guilty to the charge before the district magistrate of Waimea, County of Kauai. On July 13, 1916, defendant appeared before the judge of the fifth circuit with a motion to modify the former decree to the extent that defendant would thereafter be relieved from payment of an attorney's fee and future alimony to plaintiff. This motion was based upon the ground that plaintiff had committed fornication on July 9, 1916, and subsequent to the entry of the decree granting her a divorce and an allowance of alimony. Hearing was had on this motion and the same was granted to the extent that the defendant should not be required to pay plaintiff any further alimony, the court basing the order solely upon its finding that plaintiff had committed fornication on the occasion above referred to. From this order of the court below the plaintiff comes here on a writ of error assigning numerous errors alleged to have been committed by the court in respect to the hearing on defendant's motion to modify the original decree.

The principal error complained of by plaintiff reads as follows: "(1) That the circuit court erred in granting the motion of the libellant, James Hart, to modify the decree of divorce so as to revoke the payment of alimony on account of the subsequent misconduct of the libellant in that said libellant committed the offense of fornication." Fornication is a misdemeanor under the statutes of this Territory, punishable by fine not exceeding fifty dollars nor less than fifteen dollars, or by imprisonment not more than

three months nor less than one month (Sec. 4148 R. L.). There is nothing in the record either showing or tending to show that the means or financial ability of the parties has changed since the entry of the original decree. The record in this case discloses that a single act of fornication was committed by the plaintiff, and while reprehensible in itself it does not indicate that plaintiff was leading a life of idleness or prostitution. If plaintiff, subsequent to the decree awarding alimony, was being kept by a paramour or had become a prostitute or was leading a life of vice it would be unconscionable and against public morals to compel the husband by his daily labor to support her. The wife owes it to society to lead an exemplary life. If she transgresses, even upon a single occasion as she did in this case, she merits prosecution and punishment.

Counsel for plaintiff relies largely upon the law as expressed by the courts in *Cole* v. *Cole,* 142 Ill. 19 and *Forrest* v. *Forrest,* 3 Bosworth (N. Y.) 661. In the latter case it was held in effect that there is no law by which the wife's subsequent misconduct, whatever it may be, can be punished by a forfeiture of part of an allowance, just in itself, when fixed and adjudged to her, by reason of her husband's violation of his legal duties to her. This rule, in our opinion, would encourage indolence and vice. Although recognizing its eminence we cannot yield to the authority of this case. We prefer to adopt the reasoning advanced in the very recent and well considered case of *Weber* v. *Weber,* 153 Wis. 132, wherein the court says: "If the wife, without the fault of the husband, and without adequate excuse or palliation, deliberately chooses a life of shame and dishonor * * * and the husband is compelled by his daily toil to earn the money paid to her, the court may make the misconduct of the wife the ground for cutting off all alimony, or for reducing the same as may in its sound discretion seem just and equitable under all the circumstances of the case." In

the State of Wisconsin, as well as in this Territory, the statutes prescribe no ground upon which a judgment of alimony may be modified, and as the court says in the *Weber* case, "It wisely leaves that to the judgment of the court. The considerations that may legitimately influence such judgment are so varied and complex that legislative and judicial wisdom alike refrain from any attempt to enumerate them. This much, however, may be said: the courts of our State do not permit vice to flaunt its banner before them unchallenged. When it appears its nature and extent may be inquired into, and if justice so demands, it may be made the ground of equitable relief in the allowance of alimony." In the case just cited the wife was granted a divorce upon the ground of cruelty and inhuman treatment by her husband and she was awarded the sum of fifty dollars per month permanent alimony. Thereafter the husband secured an order to show cause why the provision of the decree relating to alimony should not be stricken out because of alleged misconduct on the part of the wife after the entry of the decree. Hearing was had and the court found that plaintiff had, after the entry of the decree, committed sexual intercourse and was a woman of bad character, and ordered that she be given the sum of six hundred dollars in lieu of all alimony. While the record before it must have been more or less incomplete the supreme court of Wisconsin, in affirming the action of the lower court, found that "the evidence was no doubt sufficient to satisfy the court that the wife evinced a permanent disposition to err."

We are of the opinion that the reasoning in the *Weber* case, applied to the case under consideration, would not justify the cutting off of all alimony to the wife solely upon the showing that upon one occasion subsequent to the decree granting her a divorce and permanent alimony she had committed the offense of fornication. We adopt the

view that the subsequent misconduct of a wife can be considered upon an application to modify an allowance of alimony, but we hold that where the facts disclose a single lapse from virtue, in the absence of other facts and circumstances showing a disposition to err on the part of the wife, such showing is insufficient to warrant the court in disallowing her all future alimony to which she would otherwise be entitled.

Although in this Territory there is no express statutory authority therefor, a circuit judge has undoubted authority to alter or modify the decree respecting the award of alimony upon a proper showing. 2 Bishop on Marriage and Divorce, 6 ed., sec. 429; *Stevens* v. *Stevens,* 72 Pac. 1061; *Wheeler* v. *Wheeler,* 18 Ill. 39; *Olney* v. *Watts,* 3 N. E. 354. Application for such modification is ancillary to and dependent in its nature upon the main proceedings and is addressed to the sound judicial discretion of the court, and the inquiry is whether sufficient cause has intervened since the decree to authorize or require the court to change or entirely withdraw the allowance. In other words, in granting the application the court must base its action upon grounds which the law recognizes as sufficient therefor. We are of the opinion that sufficient grounds were not presented to the court to justify the withdrawal of the allowance.

The only other error assigned by plaintiff containing sufficient merit to warrant consideration by this court is embodied in her twelfth assignment of error which specifies as error the action of the court below in denying her motion for an order granting her a reasonable sum for costs and expenses and attorney's fees incurred and to be incurred on her appeal from or review of the decision or order of the court disallowing her further alimony. Section 2935 R. L. provides:

"Whenever it shall be made to appear to the judge after

the filing of any libel, that the wife is under restraint or in destitute circumstances, the judge may pass such orders to secure her personal liberty and reasonable support, pending the libel, as law and justice may require, and may enforce such orders by summary process. The judge may also compel the husband to advance reasonable amounts for the compensation of witnesses and other reasonable expenses of trial to be incurred by the wife. The judge may revise and amend such orders from time to time."

The court in passing upon the motion of plaintiff for expense money and attorney's fees, denied the motion upon the theory that the statute above quoted does not authorize the court to grant expenses and attorney's fees in a proceeding of this kind, and upon the further ground that "the court believes its order of July 13, 1916, to be right and an appeal from that order not worth while." Neither of these reasons is sound. Undoubtedly the court thought its decision right, and this may be said of all courts whose decisions come here for review. But such an opinion on the part of the court is hardly a cogent reason for disallowing the motion or the proper exercise of its sound discretion in denying expense money and attorney's fees where a party might honestly deem himself aggrieved by the court's decision. As a matter of fact, the court found "that the appeal of libellant from the order entered July 13, 1916, is taken in good faith and that libellant has no funds with which to perfect said appeal or to prosecute it in the supreme court of the Territory, but that defendant has an income of at least $45 per month."

We are of the opinion that the provisions of section 2935 R. L. are broad enough to include the allowance of expenses incurred or to be incurred by the wife in resisting an application for an order revoking an allowance of alimony contained in a decree granting her a divorce. It seems obvious to us that the wife might be as much in need of expense money in her  efforts to protect the rights granted her by

a final decree of divorce as she would be in need therefor in the proceedings had prior to said decree. "It could not have been contemplated that before judgment the wife should be aided in maintaining her rights, but after judgment in her favor should be left to starve during the pendency of an appeal and should be disarmed by her very success from defending the judgment in her favor." *McBride v. McBride,* 23 N. E. 1065; *O'Brien* v. *O'Brien,* 19 Neb. 584. In *Helden* v. *Helden,* 11 Wis. 558, a case particularly analogous to the one now under consideration, an appeal was taken from an order of the circuit court allowing two hundred dollars for attorney and counsel fees on the proceedings in an issue wherein the wife had been guilty of adultery, which issue was made up on a petition of the husband for the purpose of reducing the alimony after the original decree of divorce. The court found that under the laws of Wisconsin the matter of alimony might be further litigated after the divorce and the intent was to reserve to the court the same power to protect the wife in regard to the expenses of litigation which it had in the original action. Otherwise the husband might, by renewing litigation in respect to the alimony, compel the wife to exhaust her entire allowance without any power in the court to protect her.

We think that the circuit judge should have exercised his sound discretion in the matter of the application of plaintiff for expenses and attorney's fees. This he failed to do.

The order of the circuit judge made and entered on July 13, 1916, modifying the original decree so that defendant would not be required to make any further payments of alimony to plaintiff from that date is hereby reversed and set aside, and the order of the circuit judge made and entered on July 19, 1916, wherein he disallowed plaintiff's motion for costs and expenses and attorney's fees incurred

or to be incurred in this proceeding is reversed and the cause is remanded to the circuit judge for further proceedings not inconsistent with this opinion.

*Fred Patterson* for plaintiff in error.

*N. W. Aluli* (*A. G. Kaulukou* with him on the brief) for defendant in error.