SYLVIA FREY AND JOHN FREY *v.* H. WILLIAM
GOEBERT, JR.; STRAUB CLINIC, A GENERAL
PARTNERSHIP; JOHN DOES I-V; DOE PART-
NERSHIPS I-V; AND DOE CORPORATIONS I-V.

No. 4916.

SEPTEMBER 21, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON
AND KOBAYASHI, JJ.

*Per Curiam.* This is an appeal by plaintiffs John Frey
and Sylvia Frey, husband and wife, from a circuit court
judgment in favor of defendants in a medical malpractice
action predicated on hemiplegia and aphasia suffered by
Mrs. Frey. Defendant H. William Goebert, Jr., is a neuro-
surgeon and defendant Straub Clinic is a partnership of
which Dr. Goebert is a member. Plaintiffs' claim is that
Mrs. Frey's condition resulted from Dr. Goebert's negli-
gence in performing diagnostic surgical procedures known
as angiography and pneumoencephalography. The judg-
ment was entered pursuant to the court's findings of fact
and conclusions of law made at the conclusion of a jury-
waived trial.

There were two issues in the circuit court. One of the
issues was whether Dr. Goebert performed angiography
and pneumoencephalography upon Mrs. Frey without her

informed consent. The other was whether Mrs. Frey's condition resulted from the performance of angiography and pneumoencephalography upon her or whether it resulted from a congenital condition known as arterio-venous malformation.

On the first issue, the circuit court found that "plaintiffs have failed to sustain the burden of proving by a preponderance of the evidence that there was no informed consent or that the conditions complained of by plaintiffs were proximately caused by the so-called lack of such consent." From the record, we cannot say that the finding is clearly erroneous. Furthermore, the issue is immaterial in the light of the court's finding on the second issue.

The court's finding on the second issue was that plaintiffs failed to prove by a preponderance of evidence that Mrs. Frey's condition resulted from the procedures performed by Dr. Goebert, and that it was "more probably the result of development of an advancing and pre-existing condition: namely, a vascular malformation." Here, also, we cannot say that the finding is clearly erroneous.

In making the findings, the court stated: "Taking all the evidence into consideration and upon the Court's evaluation of conflicting evidence, plaintiffs have failed to sustain the burden of proof as to any material allegation in the complaint that would be necessary to hold defendants, or either of them, liable." Among the evidence considered by the court were the testimonies of experts. The experts testifying for plaintiffs were Dr. Sanford Antin, Dr. Sidney Gross, and Dr. Paul Anderson, all of Mount Sinai School of Medicine and Hospital in New York, and Dr. Maurice Silver of Honolulu. Defendants adduced the testimonies of Dr. William Gardner of Cleveland, Dr. Robert Palmer of San Francisco, and several Honolulu neurosurgeons and pathologists, including Dr. John Low-

310

rey, Dr. Grant Stemmerman, Dr. Ann Catts, Dr. Hideo Namiki, and Dr. John Hardmann.

Plaintiffs urge upon this court that the "clearly erroneous" rule should not apply to this case because there were internal inconsistencies in the testimonies adduced at the trial, which are fairly presented in the record, and a review of such inconsistencies should be within the province of this court.

This court has stated on numerous occasions that the test to be applied in reviewing the findings of the trial court is whether it is left with a definite and firm conviction that a mistake has been made. The record in this case does not leave this court with such conviction.

Affirmed.

*Hyman M. Greenstein* (*Michael B. Shane* with him on the briefs) for plaintiffs-appellants.

*Thomas M. Waddoups* (*Alexander C. Marrack* with him on the brief, *Anthony & Waddoups* of counsel) for defendants-appellees.