MALI CAIN, Plaintiff-Appellant, *v.* JOHN J. CAIN, Defendant-Appellee.

NO. 6090

FEBRUARY 27, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

Appellant-wife appeals from an order of the district family court of the first circuit directing her to transfer her interest in

certain real property to appellee-husband, to pay appellee rent for a 22-month period after their divorce during which she remained on the property without his consent, and to contribute to appellee's attorney's fees. This is the second time that this case has come before this court. The first appeal by wife from the divorce decree itself resulted in a memorandum opinion affirming the decree of the trial court.[1] In this appeal, we also affirm the family court's order.

The facts of this case are relatively simple. Prior to marriage, John Cain purchased Apartment 906 located at 1515 Ward Avenue. He paid approximately $18,000 in cash to acquire the unit with the full purchase price set at $38,500. Cain then created a joint tenancy in the apartment by conveying the property to himself and his future wife, Mali Johnston. John Cain and Mali Johnston were subsequently married on August 8, 1972.

After eight months of marriage, wife filed a complaint for divorce. Judge Vitousek of the first circuit family court rendered a decision on November 8, 1973 granting the divorce and settling the property of the parties. The final decree was entered on January 21, 1974. Although several properties were dealt with in the decree, the only disposition which concerns us is the following:

> Defendant is awarded as his sole property Apartment 906 at 1515 Ward Avenue, subject to payment to Plaintiff of $2,500.00 which amount the Court estimates as an approximation of the appreciation in the value of said apartment since its purchase, and subject to Plaintiff's use and exclusive possession of the apartment until January 31, 1974. Defendant shall continue making mortgage payments on the apartment through December 31, 1973.

In the first appeal, wife specified as error failure of the trial court to afford her a separate hearing on the appreciation of the apartment and to take into consideration the antenuptial transfer of half ownership of the apartment. Husband,

---

[1] No. 5633, September 26, 1975.

at the conclusion of his answering brief, requested the court to reduce the appreciation amount awarded to wife by a sum equal to reasonable rent for the period during which she had occupied the apartment past January 31, 1974.

As mentioned above, this court found no reversible error and affirmed the divorce decree. Appellant's petition for rehearing was also denied. The day that the notice of judgment on appeal was filed, husband moved in the family court of the first circuit for an order to show cause why wife should not be compelled to assign her interest in the apartment to husband and why she should not pay rent for the period in which she occupied the apartment after January 31, 1974.

At the hearing on the motion, husband's attorney orally amended his motion to ask for attorney's fees. Wife subsequently moved to amend the original divorce decree to leave the parties as joint tenants of the apartment. Judge Miho of the district family court denied wife's motion to amend the decree on the basis that the issue was res judicata. He granted husband's motion but commenced rent after March 4, 1974, on a finding that husband had agreed to let wife remain in the apartment from January 31, 1974 to March 4, 1974. Husband was also awarded $800 in attorney's fees.

Appellant now argues that the family court erred in denying her motion to amend the original divorce decree with respect to ownership of the apartment. She also claims that the lower court's finding that husband offered the $2,500 to appellant's attorney in fulfillment of his obligation under the divorce decree was erroneous. Finally, she challenges the lower court's award and determination of reasonable rent and the award of attorney's fees. We consider each issue separately below.

I.

Appellant contends that since the apartment was jointly owned by appellee and appellant prior to marriage, her interest in the property was separate from appellee's and therefore the family court did not have the power to award her separate interest to appellee in the divorce action. Appellant

brought this argument before the family court by way of a motion to amend the original divorce decree to leave the parties as joint tenants of the property. The motion was denied on the basis that the issue was res judicata. We affirm the lower court's decision, but do so on a different basis. As we have previously stated, "where a [lower] court has reached a correct conclusion, its decision will not be disturbed on the ground that the reasons it gave for its action were erroneous." *Federal Electric Corporation v. Fasi,* 56 Haw. 57, 64, 527 P.2d 1284, 1289-90 (1974). *See, e.g., State v. Stachler,* 58 Haw. 412, 570 P.2d 1323 (1977); *Waianae Model Neighborhood Area Association v. City and County of Honolulu,* 55 Haw. 40, 514 P.2d 861 (1973).

We feel that the doctrine of "law of case" is applicable here.

> [L]aw of the case is akin to res judicata but is more limited in its application. It relates solely to questions of law and is confined in its operation to subsequent proceedings in the same case. [Under the doctrine,] a determination of a question of law made by an appellate court in the course of an action becomes "the law of the case" and may not be disputed by a reopening of the question at a later stage of litigation. It normally commands adherence but is not subject to the inflexibility of res judicata. [Citations omitted.]

*Glover v. Fong,* 42 Haw. 560, 578 (1958).

Appellant argues that the issue of the family court's power to award her separate interest in the apartment was not raised in the prior appeal and law of the case is inapplicable. After reviewing the record of the first appeal, we are convinced that this issue has been decided by the previous appeal. In the first appeal, appellant claimed that the family court had not considered the ante-nuptial transfer of a one-half interest in the apartment to wife and had abused its discretion by awarding the apartment solely to husband. We affirmed the family court's decree. Implicit in our affirmance was recognition of the family court's power to make such a property distribution. We are not persuaded that appellant, by framing the

issue in terms of jurisdiction, presented a new question which the lower court should have considered.

Similarly, although in some instances, where justice requires, exceptions to the doctrine of law of the case are made and we may re-examine our holdings on the second appeal in the same case, *Von Holt v. Izumo Taisha Mission,* 44 Haw. 147, 355 P.2d 40 (1960), we see no reason to disturb our prior holding on the question of property distribution in this case.

However, even if the doctrine of law of the case was not applicable, we would still find appellant's argument without merit. The law regarding division and distribution of property in a divorce action is well settled by statute and case law in this jurisdiction. HRS § 580-47 (1976 Repl.) (amended 1977)[2] provides, in part:

> Upon granting a divorce, the court may make such further orders as shall appear just and equitable . . . finally dividing and distributing the estate of the parties, real, personal, or mixed, *whether community, joint, or separate.* In making such further orders, the court shall take into consideration the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case. . . .

(Emphasis added). This statute clearly provides the requisite authority for the family court to award appellant's interest in the apartment to appellee.

The forerunner to HRS § 580-47,[3] containing substantially the same provisions on property distribution, was considered by this court in *Carson v. Carson,* 50 Haw. 182, 436 P.2d 7 (1967). In *Carson* we reversed a trial court's division and distribution of property where property acquired by one spouse prior to marriage was awarded solely to that spouse. In doing so, we found that the trial court had placed undue

---

[2] HRS § 580-47 was amended in 1977 but the amendment did not affect the provisions dealing with property division and distribution. *See* footnote 6, *infra.*

[3] RLH 1955, § 324-37.

emphasis on the fact that the property was separate property, excluding consideration of other factors such as the respective merits of the parties, the abilities of the parties, the condition in which the parties would be left by the divorce, and all other matters which would have a bearing on the division and distribution of the property. Thus, *Carson* clearly recognized the power of the family court to distribute the separate property of the parties in a divorce action. *See also Arakaki v. Arakaki*, 54 Haw. 60, 502 P.2d 380 (1972).

In *Carson*, we noted that the fact that the property was separate property or labeled as such was relevant but not determinative of its distribution. Similarly, here, the fact that appellant held an interest in the apartment and that such an interest was arguably "separate" was relevant to but not determinative of how the property should be distributed. It is sufficient that the trial court considered all of the factors set out in HRS § 580-47. *Fowler v. Fowler*, 49 Haw. 576, 424 P.2d 671 (1967); *Carson v. Carson, supra; Farias v. Farias,* 58 Haw. 227, 566 P.2d 1104 (1977). We found that it had done so when we affirmed the divorce decree in the first appeal.

Appellant finally contends that HRS § 580-47 conflicts with HRS § 573-1 (1976 Repl.), the Married Woman's Property Act, which states that "[t]he real and personal property of a woman shall, upon her marriage, remain her separate property, free from the management, control, debts, and obligations of her husband . . . ."

We do not find a conflict between HRS § 580-47 and HRS § 573-1. The Married Woman's Property Act merely provides that a woman continues to hold her property separately after marriage. This is not inconsistent with HRS § 580-47 which includes "separate" property *of either spouse* among the property which can be divided and distributed in a divorce action.

II.

Appellant next argues that appellee failed to comply with the divorce decree by not paying her $2,500.00 as appreciation value on the apartment. His failure, it is contended,

relieved appellant of her obligation to vacate the apartment and assign her interest to appellee. The lower court found that appellee had made appellant's attorney an offer to pay the $2,500.00 as per the divorce decree, provided appellant vacate the apartment and sign a document quitclaiming her interest. Appellant maintains that this was an erroneous finding of fact. We do not reach that question for the reasons given below.

Initially, we note that appellant's argument rests on the supposition that payment of the $2,500.00 was a condition precedent to appellant's performance of her obligations under the divorce decree. However, we do not read the language of the decree to require such a condition.

The interpretation or construction of a decree presents a question of law for the courts and a decree, like any other written instrument, is to be construed reasonably. *Smith v. Smith*, 56 Haw. 295, 301, 535 P.2d 1109, 1114 (1974). When interpreting a decree, particularly in a divorce proceeding, the important object is to carry out the purpose and intent of the court that issued the decree. *Pope v. Pope*, 7 Ill. App. 3d 935, 289 N.E.2d 9 (1972).

The decree in this case implicitly required each party to perform certain acts with regard to the property. Appellee was to pay appellant $2,500 as appreciation value on the apartment and to leave her undisturbed in the use and occupancy of the apartment until January 31, 1974. Appellant, on the other hand, was to give up possession of the apartment after January 31, 1974 and to assign her interest to appellee. The intent of the court issuing the decree was to award husband sole ownership of the property although allowing wife to remain in the apartment for a short time and to receive a sum of money as appreciation on her interest in the apartment. However, the obligations imposed upon each of the parties were not in any way dependent on performance by the other party.

The decree, in effect, imposed mandatory obligations on each party. Failure to comply with the decree could result in court sanction. If, as appellant maintains, appellee failed to offer or make payment of the $2,500.00, her remedy lay in

initiating a proceeding to enforce the divorce decree or in requesting a contempt order from the family court. Her remedy did not lie in remaining in the apartment and thereby disobeying the divorce decree herself. Since appellant's obligation to vacate the apartment and to assign her interest to appellee was an absolute obligation and not contingent on appellee's actions, it follows that the question of whether appellee made an offer to pay the $2,500.00 is irrelevant.

### III.

Appellant's first contention regarding the rent award is that as joint owner of the apartment she should not have to pay rent to husband. Secondly, she argues that appellee, in the answering brief filed in the first appeal, asked this court to award him rent. Our failure to do so, she asserts, renders the issue *res judicata*. Finally, appellant argues that even if we find that appellee should have been awarded rent, the amount fixed by the trial court as reasonable rent was unsupported by the evidence.

Appellant's argument that as joint tenant of the apartment she did not have to pay rent to husband is without merit. We have found above that wife was in possession of the apartment in violation of the divorce decree. During the period of time when she occupied the apartment without husband's permission, husband was deprived of income from and/or use of the apartment. Under such a fact situation, we cannot say that the lower court erred in awarding rent to husband.[4]

Wife's second contention is also meritless. On the first appeal, appellant-wife presented several questions to this court and the issue of rent was not among them. Appellee did not cross-appeal to present that issue either. Indeed, since the first appeal was from the divorce decree itself and was concerned with the property distribution in the decree, the rent issue would have been premature. We are aware that

---

[4] The lower court found, and that finding is not challenged by husband, that appellee agreed to let wife remain in the apartment until March 4, 1974. Therefore, the lower court commenced the rent after that date.

appellee did request this court to award reasonable rent for the period in which appellant remained in the apartment. However, since this court had no evidence before it, it would have been inappropriate to have considered appellee's request. Thus, since the issue was not properly before us in the first appeal, it was not decided by our memorandum opinion therein.

Evidence was introduced at the show cause hearing to establish the reasonable rental value of the apartment. Husband testified that "some three years ago the apartments [in the same building] were renting for about Three Fifty (350), Three-Seventy-five (375) a month. So I would think at this day and age the reasonable rental value of that apartment, at an absolute minimum, would be Four Fifty (450) a month." This testimony was not objected to by opposing counsel.

Wife testified that during 1971 and 1972, she paid $275.00 a month for rent, including furniture and parking, on apartment 706 in the same building. Some of her cancelled rent checks for that period were introduced into evidence. Wife also testified that the reasonable rental value of apartments in the building was $300.00 to $325.00 a month, including furniture and parking.

The lower court found that $350.00 per month was a reasonable and fair rental amount for apartment 906. In reviewing a finding by a family court judge, we apply the "clearly erroneous" standard.[5] We have previously defined this standard to be whether this court is left with a definite

---

[5] The present Family Court Rules, promulgated by this Court on January 14, 1977 and applicable from and after February 15, 1977, were not in effect at the time this case was heard below. Thus, Family Court Rule 52(a) regarding the standard to be applied on review of a finding of fact is not applicable here. However, Rule 52(a) of the Family Court Rules which had been locally adopted by the Board of Family Court judges, effective September 1, 1972, stated:

RULE 52. Findings by the Court.

(a) EFFECT. In all actions tried in the family court, the court may find the facts and state its conclusions of law thereon or may announce or write and file its decision and direct the entry of the appropriate decree or order. . . . Findings of fact if entered shall not be set aside unless clearly erroneous, and due regard shall be ·given to the opportunity of the trial court to judge the credibility of the witnesses. . . . If an opinion or memorandum of decision is filed, stating facts and

and firm conviction that a mistake has been made by the trial court. *Frey v. Goebert,* 52 Haw. 308, 474 P.2d 537 (1970); *Honda v. Higa,* 52 Haw. 311, 474 P.2d 708 (1970); *Associated Engineers and Contractors, Inc. v. State,* 58 Haw. 187, 567 P.2d 397 (1977). Although the evidence presented regarding reasonable rent was sparse, we are not left with such a conviction and affirm the family court's determination of rent.

IV.

The family-court awarded $800.00 in attorney's fees to husband. Appellant argues that the award to husband was erroneous since $750.00 in attorney's fees had already been awarded to appellant in the original divorce action.

The rule in Hawaii is that attorney's fees ordinarily may not be awarded in the absence of statute, stipulation or agreement. *Salvador v. Popaa,* 56 Haw. 111, 530 P.2d 7 (1974). The only statute which could provide authority for an award of attorney's fees in this case is HRS § 580-9 (1976 Repl.), which states:

§ 580-9 *Temporary support, etc.* After the filing of a complaint for divorce or separation the court may make such orders relative to the personal liberty and support of either spouse pending the complaint as he may deem fair and reasonable and may enforce the orders by summary process. The court may also compel either spouse to advance reasonable amounts for the compensation of witnesses and other expenses of the trial, including attorney's fees, to be incurred by the other spouse and may from time to time amend and revise the orders.

---

the court's opinion on the law, it will be unnecessary to make other findings of fact and conclusions of law. . . .

Although these locally approved rules were never adopted by this Court under its rule making power, we find no problem in applying the clearly erroneous standard in this case. Such a standard is consistent with present Family Court Rule 52(a) and with the provisions of Hawaii Rules of Civil Procedure Rule 52(a).

This statute does not expressly provide for an award of attorney's fees in a proceeding to enforce a divorce decree.[6]

However, in interpreting similar language in § 2935, RLH 1915, an early version of HRS § 580-9, we found the provisions of the statute broad enough to include an allowance of expenses and attorney's fees incurred by a wife in defending against her former husband's application to revoke alimony. *Hart v. Hart,* 23 Haw. 639 (1917). § 2935, RLH 1915 provided:

> Whenever it shall be made to appear to the judge after the filing of any libel, that the wife is under restraint or in destitute circumstances, the judge may pass such orders to secure her personal liberty and reasonable support, pending the libel, as law and justice may require, and may enforce such orders by summary process. The judge may also compel the husband to advance reasonable amounts for the compensation of witnesses and other reasonable expenses of trial to be incurred by the wife. The judge may revise and amend such orders from time to time.

Under the early statute, the judge looked to the financial circumstances of the wife in exercising the discretion to award attorney's fees. Thus, in *Hart,* this court reasoned that "a wife might be as much in need of expense money in her efforts to protect the rights granted to her by a final decree of divorce as she would be in need therefor in the proceedings had prior to said decree." 23 Haw. at 644-45.

Over the years, this statute has been amended to afford support and allowance of attorney's fees to either spouse.[7] And, we have stated that the award of attorney's fees is within the sound discretion of the trial court, limited only the standard that it be fair and reasonable. *Farias v. Farias, supra* at 233, 566 P.2d at 1108; *Carson v. Carson, supra* at 188, 436 P.2d at 11; *Richards v. Richards,* 44 Haw. 491, 496, 355 P.2d 188, 192 (1960). However, our recognition in *Hart* that the

---

[6] Act 37, passed by the Legislature in 1977, amended HRS § 580-47 to specifically provide for assessment of attorney's fees on a motion for an enforcement order, HRS § 580-47 (1977 Supp.).

[7] Act 65, S.L.H. 1974.

44

statute provides the authority for an award of attorney's fees in a proceeding after the entry of a final divorce is still valid.

Since it was within the family court's discretion to award attorney's fees to *either* party, it was not an abuse of discretion to award attorney's fees to husband even though wife had been awarded attorney's fees in the original divorce proceeding.

We find other errors alleged by appellant without merit.

Affirmed.

*Helen B. Ryan (Ryan & Ryan* of counsel) for Plaintiff-Appellant.

*Michael F. O'Connor (Barlow & O'Connor* of counsel; *A. William Barlow* on the brief) for Defendant-Appellee.