**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000266**
**25-JUN-2021**
**07:59 AM**
**Dkt. 184 SO**

NO. CAAP-16-0000266

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JERRY ELDER, as TRUSTEE of The ELDER TRUST,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION,
Defendant/Counterclaim-Plaintiff/Cross-Claim Defendant/Appellee,
and
ROBERT V. GUNDERSON, JR., and ANNE D. GUNDERSON,
Defendants/Counterclaim-Plaintiffs/Cross-Claim
Plaintiffs/Appellees/Cross-Appellants,
and
JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100,
and DOE CORPORATIONS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-088K)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Wadsworth, JJ.)

In this litigation involving the alleged breach of a community association's governing documents, the Plaintiff/Counterclaim-Defendant/Appellant Jerry Elder, as Trustee of the Elder Trust (**Elder**), appeals from the "Order Denying Plaintiff Jerry Elder as Trustee of The Elder Trust's Motion for Relief from First Amended Final Judgment," filed on March 10, 2016 (**Order Denying Rule 60(b) Relief**), by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

---

[1] The Honorable Ronald Ibarra (**Judge Ibarra**) presided.

This case is currently before us on remand from the Hawaiʻi Supreme Court.  <u>Elder as Tr. of Elder Tr. v. Bluffs at Mauna Kea Cmty. Ass'n</u>, SCWC-16-0000266, 2021 WL 1928431 (Haw. 2021).  The Hawaiʻi Supreme Court affirmed our determination that we lacked jurisdiction over three of Elder's five points of error on appeal.[2]  However, the supreme court held that we must address the merits of Elder's two points of error related to the Circuit Court's March 10, 2016 Order Denying Rule 60(b) Relief.  <u>Id.</u> at *4.  Thus, in light of the Hawaiʻi Supreme Court's Memorandum Opinion, we address Elder's following points of error on appeal: (1) the Circuit Court erred in substantially altering the holding of the Final Judgment; and (2) the Circuit Court erred in failing to recognize that the height limitation of the naupaka hedge on the Gundersons' property applies to the entire naupaka hedge, including in the special setback area.

## I.  Background

On March 22, 2011, Elder filed a complaint alleging Defendants/Counterclaim-Plaintiffs/Cross-Claim Plaintiffs/ Appellees Robert V. Gunderson, Jr., and Anne D. Gunderson (the **Gundersons**) failed to maintain a naupaka hedge at an approved height thereby obstructing Elder's coastline view.  Elder also alleged that The Bluffs failed to enforce protective covenants, conditions and restrictions (**CCRs**) by allowing these violations. The Bluffs and the Gundersons filed respective counterclaims, and the Gundersons filed a cross-claim against The Bluffs.  After a bench trial,[3] Judge Strance entered Findings of Fact, Conclusions of Law, and Judgment (**FFCLJ**) on October 31, 2014.  On March 16, 2015, Judge Strance entered **Final Judgment** and, pertinently,

---

[2]  The three points of error for which we lacked appellate jurisdiction are: (1) whether Judge Ronald Ibarra erred by failing to comply with the requirements of Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 63; (2) whether the Circuit Court erred in holding that Defendant/Counterclaim-Plaintiff/ Cross-Claim Defendant/Appellee The Bluffs at Mauna Kea Community Association (**The Bluffs**) could not be held liable; and (3) whether the Circuit Court erred in holding that no party was a prevailing party.  2021 WL 1928431, at *3, 4-6.

[3]  The Honorable Elizabeth Strance (**Judge Strance**) presided over the bench trial and entered the March 16, 2015 Final Judgment.

ordered the Gundersons "to cut back the naupaka to the height of the adjacent wall" and further enjoined the Gundersons "from maintaining the height of the naupaka above the height of the wall."

Elder appealed and by order dated July 24, 2015, this court dismissed for lack of appellate jurisdiction because the Final Judgment did not enter judgment on or dismiss the Gundersons' and The Bluffs' respective counterclaims against Elder.  <u>Jerry Elder as Trustee of The Elder Trust v. The Bluffs at Mauna Kea Community Association, et al.</u>, No. CAAP-14-0001324.

On October 13, 2015, Elder filed a Motion to Enforce Final Judgment, asserting that the naupaka hedge had only been trimmed to the height of the wall along the Gunderson/Elder property line.  The remainder of the hedge remained higher than the wall.  The Circuit Court denied Elder's Motion to Enforce Final Judgment without prejudice so that the Circuit Court could address entering an Amended Final Judgment.  On December 17, 2015, the Circuit Court entered the **Amended Final Judgment,**[4] which finally disposed of all claims and ordered the Gundersons "to cut back the naupaka to the height of the adjacent wall <u>between the Gundersons and Elder properties</u>[.]"  (Emphasis added).

On January 14, 2016, Elder filed a Motion for Relief from First Amended Final Judgment (**Motion for Rule 60(b) Relief**), and argued that, pursuant to this court's order of dismissal for lack of appellate jurisdiction, the Circuit Court was only to enter dispositions on The Bluffs' and the Gundersons' respective counterclaims against Elder.  Elder argued that the Amended Final Judgment limited the Circuit Court's initial FFCLJ ruling to the portion of the naupaka hedge existing only between the Gundersons' and Elder's property, which is inconsistent with the evidence presented at trial, the FFCLJ, and the original Final

---

[4]  Judge Ibarra presided regarding Elder's Motion to Enforce Final Judgment, the Amended Final Judgment, and Circuit Court proceedings thereafter.

Judgment.  The Circuit Court denied Elder's Motion for Rule 60(b) Relief and this appeal followed.

## II.  Discussion

A circuit court's decision on an HRCP Rule 60(b)[5] motion is reviewed for abuse of discretion:

> [T]he trial court has a very large measure of discretion in passing upon motions under [HRCP] Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion.

PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020) (quoting Hawaiʻi Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 147, 883 P.2d 65, 68 (1994) (citations omitted)).  "An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." OneWest Bank, F.S.B. v. Ass'n of Owners of Kumulani at Uplands At Mauna Kea, 146 Hawaiʻi 105, 111, 456 P.3d 178, 184 (2020) (quoting Buscher v. Boning, 114 Hawaiʻi 202, 211, 159 P.3d 814, 823 (2007)).  Also, the trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly

---

[5]  **HRCP Rule 60 provides, in relevant part:**

**Rule 60.  Relief From Judgment or Order**.
. . . .
(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.*  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

erroneous assessment of the evidence.  <u>Moyle v. Y & Y Hyup Shin, Corp.</u>, 118 Hawai'i 385, 403, 191 P.3d 1062, 1080 (2008), <u>as amended</u> (Sept. 11, 2008) (citing <u>Beneficial Hawaii, Inc. v. Casey</u>, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002)).  "The burden of establishing abuse of discretion [in denying an HRCP Rule 60(b) motion] is on the appellant, and a strong showing is required to establish it."  <u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 162, 80 P.3d 974, 983 (2003) (citing <u>Lepere v. United Pub. Workers, Local 646</u>, 77 Hawai'i 471, 474, 887 P.2d 1029, 1032 (1995)).

Elder contends on appeal the Circuit Court erred in substantially altering the holding of the Final Judgment and that the Circuit Court erred in failing to recognize the applicability of the naupaka hedge height limitation, including to the entire special setback area.  As we noted in our Summary Disposition Order issued on October 31, 2019, Elder fails to specify the applicable standards or requirements for relief under HRCP Rule 60(b) upon which he relies.  <u>Elder</u>, 2019 WL 5678366, at *2.  For instance, Elder fails to specify the particular subsection of HRCP Rule 60(b) under which he seeks relief.  However, the Hawai'i Supreme Court construes his Rule 60(b) Motion as contending relief was necessary from the Amended Final Judgment because "the judgment was based on a mistake of fact and inequitable and because of other reasons justifying relief."  <u>Elder</u>, 2021 WL 1928431, at *4.  We thus construe Elder's Motion for Rule 60(b) Relief to be based on HRCP Rule 60(b)(1).  Given the record, and the particular language in the Final Judgment, we conclude the Circuit Court abused its discretion in denying Rule 60(b)(1) relief.

The interpretation or construction of a judgment, decree or order "presents a question of law for the courts."  <u>State v. Guyton</u>, 135 Hawai'i 372, 377, 351 P.3d 1138, 1143 (2015) (quoting <u>Cain v. Cain</u>, 59 Haw. 32, 39, 575 P.2d 468, 474 (1978)).  "A trial court's interpretation or construction is not binding on an appellate court and is fully reviewable on appeal."

5

Wohlschlegel v. Uhlmann-Kihei, Inc., 4 Haw. App. 123, 130, 662 P.2d 505, 511 (App. 1983) (citations omitted).  A judgment must be construed as a whole so as to give effect to the intent of the court, and the judgment may be read in the context of the entire record to determine that intent.  Id. at 130-131, 662 P.2d at 511.

The record reflects the parties have had a longstanding dispute regarding obstruction of the views from their respective adjacent properties.  As pertinent here and reflected in the Final Judgment, the Circuit Court granted Elder injunctive relief by ordering the Gundersons "to cut back the naupaka to the height of the adjacent wall[.]"  Elder's contention in seeking HRCP Rule 60(b) relief centers on the language in the Amended Final Judgment that limits the naupaka hedge to be cut back to "the height of the adjacent wall between the Gundersons and Elder properties" (emphasis added), whereas the original Final Judgment enjoined the Gundersons "from maintaining the height of the naupaka above the height of the wall," which Elder contends is applicable along the entire special setback area of the Gundersons' property.  To determine what portion of the naupaka hedge Judge Strance ordered to be maintained in the initial Final Judgment entered on March 16, 2015, we must look to the underlying FFCLJ entered by Judge Strance.

In the FFCLJ, Judge Strance considered evidence of the general layout of Elder and the Gundersons' adjacent properties, and referenced the "special setback areas" that are meant to preserve each property's view and surrounding hillside, as shown in "Exhibit DB-1."  Judge Strance also set forth the relevant articles in The Bluffs' governing documents that describe the function of The Bluffs' Design Committee, which reviews and approves proposed architectural and landscaping designs for the respective lots.

Judge Strance specifically made findings with respect to the review and approval process of the Gundersons' landscaping and structures upon their property, and noted the dispute that

arose between the Gundersons and Elder as to the height limitations of the naupaka hedge and encroachment upon Elder's view plain.  Judge Strance entered findings as to the Design Committee's involvement in Elder and the Gundersons arriving at an acceptable height limitation for the adjoining wall between the Gundersons and Elder's properties, and the corresponding height of the naupaka hedge that the Gundersons apparently maintained for several years until further disputes arose, leading to this lawsuit.

We view the following parts of Judge Strance's findings of fact, conclusions of law, and judgment as relevant to the issue now before us:

### FINDINGS OF FACT

. . .

1.  The Bluffs is an upscale ocean side residential subdivision that consists of 22 lots and common areas which was developed by Mauna Kea Properties, Inc. (DB-1).

2.  The project is located at the west end of Kaunaʻoa Drive, Ouli, Waimea, South Kohala, County and State of Hawaii.  The 22 lots are identified by lot number.  (DB-1).  The area known as the Special Setback, sometimes called the Special Setback area, is shaded on DB-1. (Elder, Gunderson and Ludwick Testimony).

. . .

36.  Mr. and Mrs. Gundersons' testimony that there was no height limitation imposed regarding the height of his naupaka plantings within the setback is not credible.

. . .

38.  Prior to the [Design Committee] approval of the Gunderson plans, Mr. and Ms. Elder retained counsel and threatened a lawsuit over their concerns regarding height limitations and encroachment of view plain.  The need to place restrictions on the height of landscaping was very much part of those discussions. (JT7, Mr. Gunderson Testimony).

39.  Over the course of the next several months, there were a number of written exchanges among the parties' representatives and site inspections to address height restrictions and preservation of view plain.  (Mr. Elder Testimony, P-41, 43, 44, 46 and 49, Jt-8, 9 and 10).

40.  Following a December 13, 2000 site visit and meetings with the parties, Bettina Lum, on behalf of the [Design Committee], set forth the [Design Committee's] conclusions on several matters, including the view plain from the Elders' lot.  Elder claims that this December 19, 2000 transmittal and attachment is a binding directive.  (Jt 13, Elder Testimony).

41.  Regardless of the legal import of the letter, its contents contained the framework from which both Elder and Gundersons and their representatives couched many proposals.  Significantly, the wall height for the adjoining wall between the parties' lots was arrived at based upon this calculation and for many years, Gunderson maintained his landscaping at that same height. (JTl0, Mr. Gunderson Testimony).

42.  Between 2001 and 2008, the Gundersons largely kept the naupaka at the agreed upon wall height.  (Elder Testimony).

. . .

44.  On March 31, 2010, Elder's counsel wrote the [Design Committee] and Board to complain about the Gundersons' naupaka and newly planted palm trees in the setback area.  The complaints were couched as violations of the30 [sic] feet above sea level requirement.  (P419).

## CONCLUSIONS OF LAW

. . .

N.  The Court concludes that the Bettina Lum letter is not a directive that is binding on The Bluffs or any party.  There is no evidence that the [Design Committee] adopted it as a design requirement or that it superseded or accompanied design approval, although it was clearly a starting point for many discussions held by all parties as Gunderson and Elder sought design approval.

O.  In this case, however, the parties agreed, as part of the design review process, to those standards: a) Gunderson agreed and acquiesced to maintain his naupaka at wall height; Elder agreed to maintain his bougainvillea at or below the haha wall and the dwarf natal plum below the adjacent wall. Thus the reasonable view plain was established as to these landscaping features and were inextricably tied to fixed features.

. . .

Q.  The CCRs (JT-1) provide in part

**ARTICLE II. USE RESTRICTIONS AND CONSTRUCTION OBLIGATIONS**

2.ll  **Maintenance**. . . . After the construction of any improvements and

<u>landscaping on any Lot in accordance with plans and specifications approved by the Design Committee, such improvements and landscaping shall be maintained in good and clear, condition and repair in accordance with such approved plans and specifications</u>, and to the extent reasonably practicable, in accordance with the First-Class Resort Standard as provided in Section 4.2 hereof. . . . All trees, shrubbery and other plants on any Lot shall be kept at reasonable heights as contemplated by the original landscaping plans therefor, so as <u>not to unreasonably obstruct views</u> from other Lots.

(Emphasis added.)

R.  The CCR's direct that owners maintain their landscape in "accordance with such approved plans and specifications."

S.  To give the entire 2.11 provision meaning, requires that <u>landscaping assigned a height during the design approval process must be maintained at the assigned height</u> and landscaping without assigned heights be maintained at heights which do "not unreasonably obstruct views from other Lots".

. . .

U.  Elder has shown by a preponderance of the evidence that <u>the naupaka hedge was limited to the height of the wall</u>.

V.  Elders have shown by a preponderance of the evidence that Gundersons have maintained their naupaka at a height above the wall.

W.  <u>Gundersons breached the CCR's by failing to maintain their naupaka at the height of the wall</u>.

. . .

JJ.  <u>Gunderson is enjoined from maintaining the height of the naupaka above the height of the wall</u> and is directed to reduce the height within one hundred and twenty (120) days from the date of this order.

. . .

MM.  The Association is enjoined from permitting the naupaka to grow to a height which exceeds the height of the wall.

## JUDGMENT

1.  In favor of JERRY ELDER as to his breach of contract claim against ROBERT V. GUNDERSON, JR. and ANNE D. GUNDERSON and THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION for failing to maintain the naupaka at the height of the wall it fronts.

. . .

> 8. <u>ROBERT V. GUNDERSON, JR. and ANNE D. GUNDERSON are ordered to cut back the naupaka to the height of the adjacent wall</u> within 120 days of [sic] entry of this order unless otherwise agreed by all parties in writing.
>
> 9. ROBERT V. GUNDERSON, JR. and ANNE D. GUNDERSON are <u>enjoined from maintaining the height of the naupaka above the height of the wall</u>.

(some emphases added).

The Amended Final Judgment contained language (*i.e.*, "between the Gundersons and Elder properties") that was not in the Final Judgment.  This added language caused The Bluffs and the Gundersons to interpret the Amended Final Judgment to order a reduction of the height of the naupaka hedge only along the adjoining wall between the Elder and Gundersons' properties, rather than the wall height setting the height limitation for the naupaka hedge in general, including along the entire setback area.[6]  Based on the CCRs and the design approval process, we interpret Judge Stance's ruling such that the height of the wall adjoining the two properties set the "assigned height" limitation of all "landscaping assigned a height."  Accordingly, this applied to the rest of the naupaka hedge, including along the entire setback so as not to obstruct Elder's views.

The language of the Amended Final Judgment mistakenly changed the ruling in the Final Judgment.  The Amended Final Judgment altered the meaning of the Final Judgment in ordering the Gundersons to reduce the height of the naupaka hedge only along the adjoining wall between the Elder and Gunderson properties.  Thus, post-judgment relief under HRCP Rule 60(b)(1) was warranted and the Circuit Court's denial of such relief constituted an abuse of discretion.

---

[6]  We note that the added language, "cut back the naupaka <u>to the height of the adjacent wall</u> between the Gundersons and Elder properties," could also be read as establishing the <u>height limitation</u> of the naupaka hedge and not as an indication of the <u>location</u> on the Gundersons' property where the naupaka hedge needs to be trimmed.  However, the added language creates confusion and post-judgment relief must be granted to alleviate that confusion and give effect of the intent of the Circuit Court as set forth in the FFCLJ and the Final Judgment.

### III.  Conclusion

Therefore, IT IS HEREBY ORDERED that the "Order Denying Plaintiff Jerry Elder as Trustee of The Elder Trust's Motion for Relief from First Amended Final Judgment," filed on March 10, 2016, by the Circuit Court of the Third Circuit is vacated.  We remand this matter for further proceedings consistent with this decision.

DATED:  Honolulu, Hawaiʻi, June 25, 2021.


On the briefs:

Terrance M. Revere,
Lauren c. McDowell,
(Revere and Associates, LLLC)
for Jerry Elder as Trustee of
The Elder Trust.

John D. Zalewski,
Michelle J. Chapman,
(Case Lomardi & Pettit)
        and
Robert D. Triantos,
(Carlsmith Ball LLP)
for The Bluffs at Mauna Kea
Community Association.

Robert G. Klein,
Randall K. Schmitt,
Jordan J. Kimura,
(McCorriston Miller Mukai
MacKinnon, LLP)
for Robert V. Gunderson, Jr.
and Anne D. Gunderson.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Alexa D.M. Fujise
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge