| 5 | 577 |
| e33 | 408 |
| e33 | 409 |
| 33 | 410 |

KATE ALBERT, appellant, *v.* CHARLES ALBERT, respondent.

DIVORCE — *Extreme cruelty —Whipping wife — Justification.*— One beating or whipping of a wife by her husband is sufficient to warrant a divorce, on the ground of extreme cruelty; and the husband cannot justify such conduct by any words of the wife provoking him to the assault.

*Appeal from Second District, Deer Lodge County.*

KNOWLES & FORBIS, for appellant.

ROBINSON & STAPLETON, for respondent.

WADE, C. J. This is an action for divorce. The cause alleged is extreme cruelty. The proof tended to show that the defendant had on divers occasions beat and whipped his wife, and that the wife had accused her husband of adultery, and had published the accusation among her neighbors.

Among others, the court gave the jury the following instruction, upon which the error complained of is assigned, viz.:

"That if the jury find from the evidence that though defendant did strike plaintiff more than one time, still this does not necessarily establish the charge. If the plaintiff, by her own conduct toward the defendant, provoked him to strike her, the jury may consider this fact in connection with such charge; and if by her own acts she provoked defendant to assault and strike her, in such case the act of plaintiff is a legal excuse to defendant in treating her in a harsher manner than if plaintiff had been free from fault; and in such case it would require stronger evidence to establish such charge of extreme cruelty than if plaintiff had been free from fault."

We think one beating or whipping of a wife by her husband sufficient to establish the charge of extreme cruelty. Such an act could not be accidental or by mistake; and if not, the probabilities would be that it might be repeated again and again, subjecting the wife to constant fear and rendering her life miserable. It is extremely cruel for a husband to beat or whip his wife, even once. Mere words can never afford any provocation or excuse for such an act; no words can justify an assault. A husband is not authorized to whip his wife because she calls him hard names, nor can he graduate the force of his chastisement by the vigor of the language used. A husband may not raise his hand against his wife, except in absolute defense of his life, or to prevent

his receiving great bodily harm; and then he can only use force sufficent to protect himself from the danger.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*