## LUCY DE COITO *v.* MANUEL V. DE COITO.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 31, 1912.                    DECIDED NOVEMBER 9, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

DIVORCE—*extreme cruelty.*

> To constitute extreme cruelty there must be such violence or such a course of conduct as tends to endanger life, limb or health, or creates a reasonable apprehension of such result, thus render-

ing continued cohabitation unsafe. The use of coarse and vile language and the giving of a single blow which caused no serious injury and created no reasonable apprehension of future danger to life, limb or health, there being some provocation and the complainant not being free from blame, held not to constitute extreme cruelty.

SAME—*review of facts on appeal.*

On an appeal from a decree in a divorce case the entire record is brought up and this court will draw its own conclusions as to the facts from a consideration of all the testimony. In cases turning wholly or largely on the credibility of witnesses and the weight of evidence much weight will ordinarily be accorded the findings of the trial judge.

### OPINION OF THE COURT BY ROBERTSON, C.J.

The appellant instituted a suit for divorce against her husband alleging extreme cruelty. The parties were married on the 11th day of October 1911. The complainant testified, and she was corroborated at several points by other witnesses, that her brief married life was marred by a series of rows with her husband which began in the third week of that month and ended on April 3rd, 1912 when the parties separated; that her husband often used coarse and vulgar language to her and called her vile names, and that his attitude toward her and his treatment of her, even in the presence of others, was coarse, rude, fault-finding, and ill-mannered; and that he often said that he wished he had married another girl with whom he was acquainted. The complainant also testified that on two occasions, January 28th and February 7th, her husband slapped her face; that on April 2nd he told her that he wanted to go and live with his parents for a while so that his mother could give him treatment for some physical ailment with which he was troubled, and wished her to accompany him; that she refused to go because she was afraid of his father, and she offered to give him the treatment he needed herself; that he said she was not able to treat him and, leaving her, went to his parents' place; that the next day he returned home and told her that he had no further

use for her and she had better return to her parents; that a few days after that he telephoned to her and asked her if she did not want to return to him; that she replied that she was so weak from his abuse that she would not return; and that she also received a letter from him in which he said that he was willing to live with her if she would come back to him. She testified that her husband's treatment of her had worried her, caused her to cry frequently, and caused her to faint more than once; and that she suffered from loss of appetite and of sleep, and had become thin and weak. The suit was instituted on April 11th. At the close of the testimony adduced by the complainant the respondent moved for the dismissal of the libel on the ground of insufficiency of evidence. The trial judge stated that a *prima facie* case had been made out and denied the motion. The respondent gave testimony in which he denied most of the testimony adduced against him as to the use of vile and vulgar language and as to ill-natured conduct; and he denied that he slapped his wife's face on the second occasion referred to by her. He admitted that on one occasion in the course of a heated argument he had called her a liar, and testified that at another time she had called him a liar. He admitted that following a wrangle on another occasion he had used vulgar language toward her in presence of her brother-in-law. And he admitted that on January 28th he slapped her face when she had called him "luny." He testified that he and his wife at times lived peaceably and happily and attributed their quarrels to the nagging and fault-finding on the part of the complainant, and to interference in their affairs by some of her relations. He testified that up to the time of the separation his wife slept well and had a good appetite, and denies that she has grown thin or weak, or has suffered any in health. His testimony is to the same effect as that of his wife in regard to his going to his parents' home and leaving her alone upon her refusal to go there with him; as to his telling her the next day that they had better separate; and as to the two unsuccessful attempts to get her to

return to him.    One witness who had been a next-door neighbor
of these parties during the three weeks next preceding their
separation testified that during that period until the day of the
separation she had heard no disturbance of any kind at the
house of these parties and that they appeared to be living hap-
pily.    At the conclusion of the trial the circuit judge dismissed
the libel, and entered a decree which states that the "case does
not in the opinion of the court show facts to constitute extreme
cruelty."

Under our former practice, when jurisdiction over divorce
matters was exercised by the circuit courts and cases were re-
viewed by this court upon exceptions, it was held in a long line
of cases that a decree in a divorce case had the effect of a ver-
dict of a jury and could not be reversed as being contrary to
the evidence if there was evidence to support it.    But since the
act of 1903 (Act 22 Session Laws of 1903) which transferred
the jurisdiction of divorce cases to the circuit judges at cham-
bers, divorce decrees have been reviewed upon appeal, and the
entire testimony is examined as in appeals in equity suits.    In
such cases this court draws its own conclusions as to the facts
from the evidence adduced, though in cases depending wholly
or largely upon the credibility of witnesses and the weight of
testimony much weight is accorded to the findings of the trial
judge who saw the witnesses and heard them testify.    In the
case at bar the trial judge made no specific findings of fact, but,
as above shown, after denying a motion to dismiss at the con-
clusion of the complainant's case, he dismissed the libel, after
listening to the defense, upon the general ground that a case of
extreme cruelty had not been established.    He evidently be-
lieved the testimony of the defendant.    Except as to admitted
facts, and those put in evidence by the complainant which were
not expressly contradicted, the case rests upon the credibility
of the witnesses and the weight to be attached to their testi-
mony.    Counsel for the appellant contends that upon the un-
disputed facts alone a case of extreme cruelty was shown and

that a single act of violence may be, and under the circumstances of this case should be, held a sufficient ground for dissolving the marital relation.

What will constitute extreme cruelty depends so much upon circumstances that no definition capable of application to all cases can be framed. The usual test is physical injury, either actual or apprehended. *Bartlett* v. *Bartlett,* 13 Haw. 707; *Bruns* v. *Bruns,* ante, p. 284. It is quite generally agreed that to constitute extreme cruelty there must be such violence or such a course of conduct as tends to endanger life, limb or health, or create a reasonable apprehension of such result, thus rendering continued cohabitation unsafe. 1 Bishop, M. & D. (6th ed.) Sec. 717. In Massachusetts "extreme cruelty" and "cruel and abusive treatment" is held to be such "as shall cause injury to life, limb or health, or create a danger of such injury, or a reasonable apprehension of such danger." *Bailey* v. *Bailey,* 97 Mass. 373; *Cowles* v. *Cowles,* 112 Mass. 298. And that where the evidence relied on is that of blows given on a single occasion the violence must be of such a character as to endanger life, limb or health, or as to create a reasonable apprehension of such danger. *Ford* v. *Ford,* 104 Mass. 198, 206. In *Beyer* v. *Beyer,* 50 Wis. 254, it was held that a single assault and battery constitutes cruelty when committed under circumstances which indicate that the defendant has so little control over his passions that he will be likely to repeat personal violence on any provocation. In *Albert* v. *Albert,* 5 Mont. 577, the court said, "We think one beating or whipping of a wife by her husband sufficient to establish the charge of extreme cruelty. * * * * It is extremely cruel for a husband to beat or whip his wife even once. Mere words can never afford any provocation or excuse for such an act; no words can justify an assault." If the court meant to imply that a single blow given upon the provocation of words alone will always amount to extreme cruelty the ruling is inconsistent with the generally accepted view of extreme cruelty and is contrary to the weight of authority. It is a

general rule that if the cruelty set up as a ground of divorce, if it was not excessive and out of proportion to the provocation, was provoked by the misconduct of the complainant a divorce will not be granted.   14 Cyc. 631, 632.   If a violent act committed by the husband was brought on by improper conduct on the part of the wife, she might reasonably expect, by a change in her own conduct and behavior, to avoid the recurrence of violence in the future.   In *Morris* v. *Morris,* 14 Cal. 76, it was held that a single blow, induced by some provocation, which results in no serious injury and creates no reasonable apprehension of future danger does not amount to extreme cruelty. *Hoshall* v. *Hoshall,* 51 Md. 72, and *Williams* v. *Williams,* 1 Colo. App. 281, are to the same effect.   See also *Barrere* v. *Barrere,* 4 Johns. Ch. 189.   In *Roelke* v. *Roelke,* 103 Wis. 204, 206, a suit for divorce on the ground of "cruel and inhuman treatment," the court said, "The only act of physical violence which was alleged or proved was a striking and choking of the plaintiff by the defendant on May 18, 1898. * * * * Had a judgment of divorce been denied, we should probably not have interfered with the judgment.   The case is certainly not a strong one.   But the trial judge saw the parties, and could judge far better than we can whether or not the conduct of the defendant toward the plaintiff has been such as to make life intolerable and unsafe for the plaintiff.   A single act of physical violence does not always justify divorce, even in connection with previous unhappy relations.   Much must always depend upon the condition in life of the parties, their sensibilities and the effect of the acts complained of upon the party complaining; and all of these matters are peculiarly within the knowledge of the trial judge, and cannot be so well known to an appellate court.   We do not, therefore, feel that we can reverse the findings of the trial court upon the question of divorce."

Whether a single act of violence is sufficient to constitute extreme cruelty will depend, therefore, upon the character of the violence, whether it is slight or serious, and upon the presence

de Coito v. de Coito, 21 Haw. 339.

or absence of provocation. A blow given intentionally and without any provocation would generally give rise to the inference that it is likely to be repeated, thus raising a reasonable apprehension of danger. And the crucial question in this case is whether the evidence was such as to show that the health or physical safety of the complainant was endangered. The respondent's conduct toward his wife was cowardly and highly reprehensible, but there was evidence of some provocation and the violence was slight. The complainant was not free from blame. The parties are young and they have much to learn. Past troubles ought easily to be buried and forgotten in a spirit of mutual forgiveness and forbearance. We are not satisfied that the evidence as a whole shows injury to the health or gives rise to a reasonable apprehension of danger to the life, limb or health of the complainant, or that the circuit judge was wrong in holding that a case of extreme cruelty within the meaning of the statute had not been made out.

The decree appealed from is affirmed.

*Lorrin Andrews* for complainant.

*W. T. Rawlins* for respondent.