## MARY SANDERSON *v.* THOMAS SANDERSON.

## No. 1218.

### APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
### HON. W. H. HEEN, JUDGE.

ARGUED DECEMBER 29, 1919.        DECIDED JANUARY 19, 1920.

### COKE, C. J., KEMP, J., AND CIRCUIT JUDGE QUINN
### IN PLACE OF EDINGS, J., ABSENT.

DIVORCE—*review of evidence on appeal.*

> In cases turning wholly or largely on the credibility of witnesses and the weight of evidence much weight will ordinarily be accorded the findings of the trial judge.

SAME—*allowance of expense money to prosecute appeal.*

> Where an application is made to the trial court for an order allowing expense money to be incurred by the wife in order to prosecute an appeal to this court from a decree adverse to her there can be no reversal if the court below exercised its sound discretion in the premises, even granting that such an allowance is authorized under the provisions of section 2935 R. L. 1915.

OPINION OF THE COURT BY COKE, C. J.

The libellant-appellant, Mary Sanderson, instituted in the circuit court of the first circuit a proceeding for a divorce against her husband Thomas Sanderson, the libellee-appellee, specifying extreme cruelty as the ground for divorce. The appellee interposed an answer denying the allegation of extreme cruelty and at the same time filed a cross libel for divorce against appellant alleging extreme cruelty and adultery. At the conclusion of the trial the court below denied the prayer of appellant's libel and granted a divorce to appellee on the ground of extreme cruelty and awarded to him the custody of the five minor children of the parties. Following the entry of the decree of divorce appellant sought to have the court below award

to her suit money to prosecute her appeal from the decree below to this court. The application was denied and appellant seeks a reversal of the main decree as well as of the order of the lower court disallowing suit money.

Little need be said respecting that portion of the decree denying appellant's prayer for a divorce. The evidence taken in respect thereto is abundantly sufficient to sustain the conclusions of the court below. The trial court found that the appellant had been guilty of extreme cruelty as alleged in appellee's cross libel. This finding was based upon evidence which disclosed a course of cruel conduct on the part of appellant towards appellee which had caused him great worry and mental suffering and which in turn had seriously impaired his physical condition. It is clear, as was found by the circuit court, that the conduct of the appellant was most reprehensible. It was established by the evidence that she had clandestinely kept company with men other than her husband; that she had posed for a number of photographs in a lewd and suggestive attitude with a man by the name of Whitson—a person with whom she testified she was only slightly acquainted, and that while Whitson was confined in the military guardhouse at Fort Ruger she had carried on a secret correspondence with him. The photographs and letters having by chance fallen into the hands of the appellee he was caused extreme mental worry and his health was impaired to the extent that he was compelled to cease work and undergo a long period of medical treatment at a local hospital. Following his convalescence there appears to have been a reconciliation between the parties, and on the insistence of the wife the family moved from the home owned by the appellee at Puunui to a rented cottage on Beretania street. It soon became apparent to appellee that the upkeep of the new home imposed a financial burden too heavy for his meagre income to maintain. He constantly worried and brooded

over this new trouble and was made sick thereby, but it appears that his wife was entirely out of sympathy with him and when appellee signified his intention to remove the family back to their Puunui home the wife not only peremptorily refused to return but restrained him from moving the household furniture and immediately started divorce proceedings against him.

It is argued that the appellee condoned the prior offenses of the wife herein referred to. But even granting that there was a condonation we think there is sufficient in the record to indicate conduct toward the appellee on the part of the appellant subsequent to the condonation to constitute a revival of her former transgressions and for this reason we are unwilling to say that the circuit court erred in granting a divorce to the appellee and awarding to him the custody of the minor children. As was said in *de Coito* v. *de Coito*, 21 Haw. 339, "On an appeal from a decree in a divorce case the entire record is brought up and this court will draw its own conclusions as to the facts from a consideration of all the testimony. In cases turning wholly or largely on the credibility of witnesses and the weight of evidence much weight will ordinarily be accorded the findings of the trial judge." The parties and their witnesses appeared and testified before the trial judge and at the conclusion of the trial the result depended upon the credibility of the witnesses and the weight to be attached to their evidence. The record we think is sufficient to justify the conclusion reached by the trial judge.

It is urged by appellant that the trial court committed error in refusing to adjudge appellee guilty of contempt of court for refusing to comply with an order granting appellant temporary alimony. It appears that an order for alimony was entered during the early stages of the proceeding and that appellee had fully complied with the order up to the time of the entry of the decree granting him a di-

vorce.  The trial court properly took the position that the decree of divorce had the effect of rescinding and annulling the order for temporary alimony.

It is further urged by appellant that the trial court erred in not granting appellant's motion for suit money to defray the expenses of this appeal.  Counsel for appellant cites the opinion of this court in *Hart* v. *Hart*, 23 Haw. 639, as authority supporting this contention.  The two cases are not parallel.  It was merely held in *Hart* v. *Hart* that where in a divorce proceeding an award of alimony has been made to the wife the provisions of section 2935 R. L. 1915 are broad enough to include the allowance of expense money and attorney's fees incurred or to be incurred by the wife in resisting an application to revoke the allowance of alimony, and where, under such circumstances, an application is made for expenses and attorney's fees the court should exercise its sound discretion in the matter, which in the *Hart* case the court refused and failed to do. But even granting (but we do not decide the point) that the provisions of section 2935 R. L. 1915 are liberal enough to include the allowance of expense money to be incurred by a wife in prosecuting an appeal to this court from a decree of divorce adverse to her in the court below, yet if the court exercised its sound discretion in the premises there could be no reversal of its action unless it be made to appear that the court had abused its discretion.  In the case at bar the court exercised its discretion and denied the application for suit money.  There is no showing that there was an abuse of discretion on the part of the court.

The decree and order herein appealed from are sustained.

*H. L. Grace* for libellant.

*W. T. Rawlins* for libellee.