HOWARD D. FARIAS, Plaintiff-Appellee, *v.* MARTHA W. FARIAS, Defendant-Appellant

NO. 5771

JULY 25, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, AND KIDWELL, JJ.

*Per Curiam*. Defendant-appellant wife (hereinafter appellant) appeals from portions of judgments[1] rendered in a divorce action by the Family Court of the First Circuit Court. Essentially, appellant contends that the court misinterpreted and misapplied HRS § 580-47 (1975 Supp.) in making a property division, and that the court abused its discretion in treating temporary support payments previously paid to appellant by plaintiff-appellee husband (hereinafter appellee) as his contribution to attorney's fees.

Appellant, Martha W. Farias, and appellee, Howard D. Farias, were married on May 18, 1967. Six years later, on May 17, 1973, appellee Howard D. Farias filed a complaint for divorce. The Decree of Absolute Divorce was filed on July 18, 1974. There were no children of the marriage, although each had children from previous marriages. There is no issue as to divorce, the only contest involving the division of property following the divorce, the retroactive withdrawal of temporary support payments and the conversion thereof to pay appellant's attorney's fees.

At the time of the divorce, appellee's separate estate consisted of personal and business bank accounts, a life insurance policy, some Hamilton shares, three automobiles, a house on Sierra Drive, the Sand Box Restaurant, the Charles Arms Apartments, and interests, in the form of down payments, in a house and an apartment. Appellant's separate estate consisted of a lot in Florida, a house in Kailua, some Computer stock and Hamilton fund shares, a 1969 Cougar, and bank accounts.

The Family Court awarded each party his or her separate property. In addition, appellant was also given the only item of substantial value owned jointly by the parties, the Kaneohe family home appraised at $89,000.00.

---

[1] Appeal is taken from parts of an Order Relating to Temporary Support, filed December 20, 1973, a Partial Decision and Order, filed March 19, 1974, and a Further Decision and Order, filed July 26, 1974.

Appellant contends that the Family Court erred in applying HRS § 580-47 (1975 Supp.) when it failed to fully consider her contributions in funds and services, which she claims enabled her husband (appellee) to increase the value of his separate property during the marriage. She also contends that she is presumptively entitled to an equal share in all of husband's separate property acquired during the marriage. We affirm the property division made by the trial court.

HRS § 580-47 (1975 Supp.) states, in pertinent part:

Upon granting a divorce, the court may make such further orders as shall appear just and equitable compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties and compelling either party to provide for the support and maintenance of the other party and finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate. In making such further orders, the court shall take into consideration the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case, but no such final division of estate shall impair the power of the court to revise allowances for children.

This court has articulated standards which should guide the trial court in formulating a just and equitable property division in *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967); and *Richards v. Richards*, 44 Haw. 491, 355 P.2d 188 (1960).

In *Carson*, at 185-187, 436 P.2d 9-11, we stated that the factors to be considered in dividing property were the respective merits of the parties, the ability of the husband, the condition in which the parties will be left by the divorce, and all other matters which would have a bearing on the division and distribution of the property.[2] There, we stated that a

[2] *Carson* interpreted RLH 1955, § 324-37, which is substantially similar to HRS § 580-47 (1975 Supp.).

"proper determination of the respective merits of the parties
in relation to their claims to the property includes the con-
sideration of a spouse's contribution to, or assistance in the
accumulation or preservation of, the separate property of the
other." *Carson, supra,* at 185, 436 P.2d at 10.

The record of the proceedings in the Family Court shows
that there was substantial dispute concerning appellant's
contributions to appellee's separate estate, especially the
Sand Box Restaurant.

Appellant testified that for about six months in 1972, she
worked in the Sand Box Restaurant without pay, in various
capacities, thus reducing the restaurant's paid personnel.
Appellee replied that her presence in the restaurant was
disruptive rather than helpful.

Appellant pointed to her industriousness, stating that she
worked to pay the family's living expenses and even gen-
erated additional income by taking in boarders. Appellee
stressed appellant's propensity for making large loans to
friends and religious gifts without his consent, and further
testified that she used her own employment income and the
income from the boarders of the jointly owned residence for
her own purposes.

There is testimony in the record by appellee that he spent
most of the six years living separate and apart. He further
contends that since the Sand Box Restaurant was purchased
shortly before he filed a divorce action,[3] it is difficult to
conceive appellant using her best efforts to improve the busi-
ness. Both parties also presented other evidence to support
their respective contentions to the trial court before it ren-
dered its decisions.

In the last headnote to *de Coito v. de Coito,* 21 Haw. 339, at
340 (1912), this court has stated: "On an appeal from a decree
in a divorce case the entire record is brought up and this court

---

[3] Appellee-husband filed for divorce in early 1972. This action was subsequently
dismissed. The Sand Box Restaurant was acquired in December, 1971.

will draw its own conclusions as to the facts from a consideration of all the testimony. In cases turning wholly or largely on the credibility of witnesses and the weight of evidence much weight will ordinarily be accorded the findings of the trial judge.'' We hold in this case that "[t]he parties and their witnesses appeared and testified before the trial judge and at the conclusion of the trial the result depended upon the credibility of the witnesses and weight to be attached to their evidence. The record we think is sufficient to justify the conclusion reached by the trial judge", *Sanderson v. Sanderson*, 25 Haw. 274, at 276 (1920), on the division of property.

On appellant's contention that her share of the property was not fair or equitable under the circumstances, we further state that the law in this jurisdiction is that the division of property is discretionary with the trial court and will not be disturbed on review unless abuse of discretion is clearly shown. *See Frandsen v. Frandsen*, 58 Haw. 98, 564 P.2d 1274 (1977); *Carson v. Carson, supra; Fowler v. Fowler*, 49 Haw. 576, 424 P.2d 671 (1967).

The appellant has not shown any abuse of discretion by the trial court, nor can we conclude from a review of the record that there was such abuse. In fact, the record contains an explicit expression of the court's desire to award appellant a fair share for her contributions in the property division. Although she did not receive any direct share in the separate property, she received a significant award, the Kaneohe family home.

II.

The appellant further contends that the trial court abused its discretion when it converted an award of temporary support into a credit for appellee's contribution to attorney's fees. We agree. Its *Further Decision and Order* stated, in part:

*Alimony:* No alimony shall be paid to wife.
*Previous Support Payments:* All previous support pay-

ments made to wife shall constitute husband's contribution to wife's attorney's fee.[4]

In *Richards v. Richards supra,* this court considered the provisions of the predecessor to HRS § 580-9, R.L.H. 1955, § 324-34.[5] We stated at 44 Haw. 496-97, 355 P.2d 192-93:

> The amendment leaves the judge with discretion to make an award of temporary alimony limited only by the standard that it be fair and reasonable. The same is true with respect to expenses of trial.
>
> Under R.L.H. 1955, § 324-34, we think that a wife who has sufficient means to live in her accustomed manner, and to prosecute her libel for divorce, without impairing the capital of her separate estate, is not entitled to temporary alimony or expenses of trial. [Citations omitted.] But, in our opinion, the statute does not require a wife to impair her capital, and if her income is insufficient for the maintenance of her accustomed standard of living and for the efficient prosecution of her libel, she may be awarded temporary alimony to supplement her income and may be allowed reasonable expenses of trial. Of course, due consideration must be given to the financial resources of the husband. [Citations omitted.]

---

[4] Under the Order Relating to Temporary Support, appellant on December 20, 1973, was awarded $1,500 to be paid forthwith, either for an advance payment towards the property division or for an award for temporary support, and was further awarded $300 per month from December 5, 1973 as temporary alimony. However, subsequently, in the Partial Decision and Order the trial court terminated further payment of temporary alimony after April 5, 1974. In the Further Decision and Order, the trial court did not specifically determine how the allowance of $1,500 paid appellant under the Order Relating to Temporary Support should be treated. We do not think non-action by the trial court would make any significant difference as discussed, *infra,* since under either category, appellant will retain the $1,500.

[5] The substantive difference between HRS § 580-9 and its predecessor, R.L.H. 1955, § 324-34, occurs because Act 65, S.L.H. 1974, changed all sex-specific terms in this section to neutral terms. Consequently, HRS § 580-9, which is a statutory enactment of a common law duty owed wives from husbands (27A C.J.S. Divorce § 205; Dole v. Gear, 14 Haw. 554, 556 (1902); Kienitz v. Sager, 38 Haw. 647 (1950)) now extends this duty to compel an able wife to provide temporary support to a needy husband.

An award of temporary support can be modified, for it is a provision for reasonable support of a person. As such, it is subject to adjustments prospectively when there is a showing of a change in circumstances, as the financial situations of the respective parties. *Okazaki v. Okazaki,* 38 Haw. 148 (1948); *Chong v. Chong,* 35 Haw. 382 (1940). However, indirect recovery in a final decision through recoupment is improper and inconsistent with the purposes of the award. *Baker v. Baker,* 17 App. Div. 2d 924, 233 N.Y.S.2d 741 (1962); *Haas v. Haas,* 271 App. Div. 107, 64 N.Y.S.2d 11 (1946); *Averett v. Averett,* 110 Misc. Rep. 584, 181 N.Y.S. 645 (1920).[6]

Additionally, we think the Family Court erred when it converted the amounts previously paid for temporary support into a credit for attorney's fees. An award for temporary support is a sum necessary for the maintenance of a party pending litigation. HRS § 580-9 (1975 Supp.). *See also Richards v. Richards, supra.* This sum cannot be equated with a sum awarded for attorney's fees.

We have stated that an award of attorney's fees is in the sound discretion of the trial court, limited only by the standard that it be fair and reasonable. *Carson v. Carson, supra* at 188, 436 P.2d at 11; *Richards v. Richards, supra* at 496, 355 P.2d at 192; *see also Sanderson v. Sanderson, supra* at 277. In determining the fair and reasonable amount of attorney's fees, the trial court should consider the financial ability of the parties and the amount necessary for the efficient prosecution or defense of the action. The latter depends on the character of the litigation, services to be performed, and all other circumstances which may tend to lessen or increase the probable expenses of the litigation. *See Richards v. Richards, supra* at 496, 355 P.2d at 192; *Hughes v. Hughes,* 363 P.2d 155 (Okl. 1961); 2 S. Speiser, *Attorney's Fees* § 14:101 (1973).

The trial court exercised its discretion, at least by implication, and determined that appellee should pay the attorney's

---

[6] This principle, however, does not apply to the question of recovery of temporary support pending appeal, which we do not address.

fees incurred by appellant in connection with this divorce action. We agree. However, since there is no finding as to the reasonable amount of such expenses of trial, we remand this case to the Family Court of the First Circuit for a determination of such expenses, including the reasonable amount of attorney's fees, to be awarded appellant.

We do not regard other errors alleged by appellant as properly presented to warrant our attention. *Berkness v. Haw'n Electric Co.*, 51 Haw. 437, 438, 462 P.2d 196, 197 (1969); *cf. Ala Moana Boat Owners v. State*, 50 Haw. 156, 434 P.2d 516 (1967).

Affirmed in part, reversed and remanded in part.

*V. Thomas Rice (Rice, Lee & Wong* of counsel) for Defendant-Appellant.

*John A. Chanin (Chanin & Ruthruff* of counsel) for Plaintiff-Appellee.