AILEEN S. BROWN, Plaintiff, Cross-Defendant-Appellee, *v.* L. B. CURTIS BROWN, Defendant, Cross-Plaintiff-Appellant

NO. 7283

JANUARY 9, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from the Property Settlement provisions of a decree of divorce in a contested case. Defendant, Cross-Plaintiff-Appellant L. B. Curtis Brown (hereinafter referred to as "Appellant") claims that the court below abused its discretion in (1) awarding Plaintiff, Cross-Defendant-Appellee Aileen S. Brown (hereinafter referred to as "Appellee") the undivided one-fourth interest which she had acquired by inheritance in the real property at 86-544 Halona Road, Waianae, Oahu, where appellant lived with appellee's cousin and five illegitimate children he had fathered by the cousin; (2) in making appellant responsible for the alleged $6,000 debt to one L. Agena for putting a road on the premises and (3) in ordering appellant to remove the Quonset hut located on the premises within 90 days from the date of the decree or forfeit any interest in the same.

The question presented is one of whether the court below clearly abused its discretion in making any of the Property

Settlement provisions complained of. Our answer is in the affirmative as to the second and third claims.

The parties to this action were married on June 27, 1945. There were no children of the marriage. Appellee worked during the marriage but due to physical infirmities is now retired living on Social Security and a small pension from her union. Appellant also worked during the marriage but is now unemployed also due to physical infirmities. In 1960, the parties moved to the Halona Street premises which are the subject matter of the present controversy. The land was owned by appellee's father and appellant purchased and located a Quonset hut on the property in which the parties lived until the appellee left the premises on December 23, 1977. At some time during that period, appellee's cousin moved into the Quonset hut with them and over the course of the ensuing years, appellant fathered six children by her. At the time of the hearing below, appellant, the cousin and the five living children continued to reside on the premises.

In 1973, appellee's father died and she subsequently inerited a one-fourth interest in the land. Over the years, while the parties lived on the premises, various improvements thereto were made in the form of fruit trees, etc. In 1976, the second of two roads were put on the premises, apparently at appellant's instigation and allegedly a debt to the contractor, L. Agena, in the amount of $6,000, was incurred. Appellee filed for divorce on September 19, 1978 and the decree below was entered December 5, 1978. In the decree, the court found that appellant made no substantial improvements to the property after appellee inherited her interest in 1973, that appellee should be awarded her one-fourth interest in the property, that the debt to L. Agena was the debt of appellant and not appellee and that appellant should be awarded the Quonset hut on the property but that if he failed to remove the same within 90 days, it would be forfeited to the appellee. Appellant was, for all purposes, destitute and at the time of the decree had no place to which to remove the Quonset hut which was the home for himself, appellee's cousin and the five children.

The governing statute is § 580-47, *Hawaii Revised Statutes*, which provides as follows:

*Support orders; division of property.* (a) Upon granting a divorce, the court may make such further orders as shall appear just and equitable . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate; and (4) allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce. In making such further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.

Numerous decisions of the Supreme Court of Hawaii have dealt with proper application of this statute. See, for example, *Carson v. Carson,* 50 Haw. 182, 436 P.2d 7 (1967); *Farias v. Farias,* 58 Haw. 227, 566 P.2d 1104 (1978); *Cain v. Cain,* 59 Haw. 32, 575 P.2d 468 (1978). As noted in *Farias, supra,* the appellant has the burden of clearly showing abuse of discretion.

We think, viewing the record as a whole, that there was no abuse of discretion in awarding to appellee her inherited one-fourth interest in the premises in question. On the other hand, we think there was abuse of discretion in saddling appellant alone with the alleged $6,000 indebtedness used to build a road on the property and in requiring him to forfeit his interest in the Quonset hut unless he could move the same within 90 days. The court below's resolution of these two issues, given the total circumstances of the parties, was obviously extremely inequitable. The parties were both unemployed and in poor health without substantial assets. To give appellee the quarter interest in the land in question and then make appellant alone responsible for the alleged $6,000 debt incurred in putting a road on the premises was clearly not in accord with the statute. Equally violative of the statute was

the 90-day forfeiture provision on the removal of the Quonset hut, a condition which, on the record, the appellant clearly would be unable to meet.

On remand, the Family Court should consider the total circumstances of the parties and find a solution with respect to the distribution of the alleged debt for the road and the value, if any, of the Quonset hut which will do equity.

Reversed and remanded for further proceedings consistent herewith.

*Judith Ann Pavey (Lawrence R. Daniels* on the opening brief, *David C. Schutter* of counsel), for appellant.

*Mark Bernstein (Harriet Bouslog* on the brief, *Harriet Bouslog* of counsel), for appellee.