NANCY E. TAKAKI, Plaintiff-Appellee, *v.* HENRY MATSUO TAKAKI, aka MATSUO TAKAKI, Defendant-Appellant

NO. 7972

(FC-D NO. 108757)

JUNE 22, 1982

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE CHUN ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

In this divorce case defendant-husband appeals the family court's decision with respect to property distribution. We affirm and we conclude that the appeal is frivolous and has been sued out merely for delay.

Husband and wife married on May 16, 1970. Husband was 53 years of age and wife was 38. Husband had never been married, but wife was divorced in 1965 after a 20-year marriage that resulted in three sons and four daughters. During the marriage between husband and wife, wife's children were not in wife's legal custody.

At the time of the marriage, husband had been a United States Postal Service employee for 15 years, and he continued in that occupation during the marriage. Wife was not employed at the time of the marriage or during the marriage. Prior to the marriage, wife was "experiencing emotional problems," had been admitted to "the State Hospital," and was an outpatient at Koolau Counseling Center.

At the time of the marriage, husband's significant assets were: one-half of the real property and improvements at 59-110 Kamehameha Highway, valued at $32,500; two parcels of land in Puna, Hawaii, valued at $4,200; one parcel of land in Needles, California, valued at $2,500; cash of between $10,000 and $14,000; and a coin collection.[1] Wife owned $9,000 in cash.

Wife filed for divorce on October 27, 1978. On November 29, 1978, the family court ordered husband to pay wife temporary spousal support of $200 per month, commencing November 1978. The decree of absolute divorce was filed on June 27, 1980. At the time of the divorce, husband was age 64 and had retired from the postal service in October 1979 with 24 years of service. Immediately prior to retirement, husband's postal service income was $1,427 per month. His retirement pay was $641 per month, plus $127.70 per month social security. He was receiving rent for the use of rooms and units at the Kamehameha Highway property and had not been

---

[1] The only description in the record of the coin collection is husband's statement that prior to his marriage "during my travels I collected all those cartwheels. . . ." Husband "considered" the value of the coin collection to be $25,000 to $30,000 but admitted that he never had it appraised. Husband testified that the coin collection was stolen in 1976 by wife's son who was a minor and that the police were called but no charges were pressed.

required by his co-owning brother and sister-in-law to divide the proceeds with them. In his 1978 income tax return husband reported receiving gross rentals of $6,000.

At the time of the divorce, wife was 48 and was receiving $164.80 per month social security for paralysis in her left arm and was receiving financial assistance from one of her daughters and was an outpatient at Koolau Counseling Center.

The decree of absolute divorce divided the parties' property in the following manner:

To husband:

| Real Property | Value (Debt) |
|---|---|
| One-half[2] 59-110 Kamehameha Highway | $ 62,500 |
| Needles, California | 2,500 |
| Cemetery plots (2) | 3,400 |

| Personal Property | |
|---|---|
| Furniture and appliances | 3,400 |
| Tools | 250 |
| 1975 Datsun and 3 jeeps | 1,550 |
| Federal Credit Union | 671 |
| First Hawaiian Bank | 2,653 |
| Bank of Hawaii | 3,397 |
| Cash | 1,000 |
| Debts | (1,700) |
| TOTAL | $79,621 |

To wife:

| Real Property | Value |
|---|---|
| Puna, Hawaii | $ 17,000 |
| Charlottsville, Florida | 4,050 |
| Lake Valley, Oregon | 1,434 |

---

[2] Husband's opening brief, filed December 30, 1980, contends that the trial court erred because it attributed one-half of the Kamehameha Highway property to husband whereas he only owned one-third, thus awarding wife $10,000 too much. Wife's answering brief, filed June 1, 1981, pointed out that the deed in evidence showed that husband was the owner of one-half of the Kamehameha property, not one-third. Husband's reply brief refers to husband's "one-half interest in the Kamehameha Highway property" but does not mention the error in the opening brief. By order

*Personal Property*

| | |
|---|---|
| Federal Credit Union | 1,421[3] |
| First Hawaiian Bank | 884 |
| Bank of Hawaii | 1,132 |
| Savings Bonds | 2,000 |
| Furniture and appliances | 1,500 |
| State Savings | 4,100 |
| 1971 Ford Pinto | 485 |
| TOTAL | $34,006 |

Wife was awarded 16.66% (1/2 x 8/24) of husband's gross monthly United States Postal Service retirement benefits and husband was awarded the remaining 83.34%.

Although at trial wife asked for spousal support of $500 per month until further order of the court, the family court did not require husband to pay any spousal support. Moreover, it required each party to pay his or her own costs and fees. However, wife did not file a cross-appeal.

On appeal, husband recognizes that "[t]he decision of a family court judge in a domestic relations case will be set aside only where there has been a manifest abuse of the judge's wide discretion in such matters." *Ahlo v. Ahlo*, 1 Haw. App. 324, 619 P.2d 112, 117 (1980). He also recognizes that to constitute an "abuse of discretion," it must be established that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant. *Clarkin v. Reimann*, 2 Haw. App. 618, 638 P.2d 857 (1981).

However, husband argues that the family court in a divorce case abuses its wide discretion when it awards separate property to the non-owning spouse and that only property deemed "community property" may be awarded to the non-owning spouse. The basis of

---

dated September 25, 1981, we struck the opening brief for non-compliance with Rules 3(b)(3), (4), and (5) of the Rules of the Supreme Court of the State of Hawaii and of the Intermediate Court of Appeals of the State of Hawaii and mandated the filing of an amended opening brief. This was done on October 9, 1981. By letter dated October 14, 1981, husband's counsel informed this court that the error had been corrected in the amended opening brief's statement of facts.

[3] Of this amount, $750 was awarded to wife "to assist her in her costs. . . ."

husband's argument is wrong. Hawaii is not a community property state. Hawaii Revised Statutes chapter 510 (1976, as amended).[4]

In a divorce case in Hawaii, property is divided pursuant to Hawaii Revised Statutes § 580-47 (1976, as amended).[5] *Sheedy v. Sheedy,* 1 Haw. App. 595, 623 P.2d 95 (1981); *Brown v. Brown,* 1 Haw. App. 533, 621 P.2d 984 (1981). The source of the asset is one of the "circumstances of the case," *Ahlo v. Ahlo, supra,* as is a spouse's positive or negative effect on the accumulation or preservation of the separate property of the other spouse. *Horst v. Horst,* 1 Haw. App. 617, 623 P.2d 1265 (1981). However, undue emphasis on a particular factor is an abuse of discretion. *Carson v. Carson,* 50 Haw. 182, 436 P.2d 7 (1967).

It is so clear to us that the lower court has not abused its discretion in this case that we agree with wife that she is entitled to an award of attorney's fees under Rule 9(e) of the Rules of the Intermediate Court of Appeals of the State of Hawaii (1980). Wife shall submit her statement of fees to this court and to husband, and husband shall have the right to comment pursuant to the procedure outlined in Rule 6(d) of the Rules of the Intermediate Court of Appeals of the State of Hawaii (1980).

---

[4] With respect to "Disposition of Property," the Uniform Marriage and Divorce Act (UMDA) offers two versions. Alternative "B," which is for community property states, requires separate property to be awarded to its owner and specifies that the value of a party's separate property may be considered when deciding how to divide marital property. Alternative "A" requires equitable apportionment of marital and separate property and thus authorizes the award of separate property to the non-owning party. Uniform Marriage and Divorce Act (U.L.A. 1979) section 307. Hawaii has not adopted the UMDA but HRS 580-47 (1976, as amended) is similar to the UMDA's Alternative "A."

[5] § 580-47 Support orders; division of property. (a) Upon granting a divorce, the court may make such further orders as shall appear just and equitable (1) compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties; (2) compelling either party to provide for the support and maintenance of the other party; (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate; and (4) allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce. In making such further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.* * *

Affirmed.

*Leslie K.W.C. Fong* for defendant-appellant.

*Thomas L. Stirling, Jr.,* for plaintiff-appellee.