**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000668
21-JUN-2023
07:51 AM
Dkt. 78 MO**

NO. CAAP-21-0000668

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WC, Plaintiff-Appellee, v.
TC, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 18-1-0355)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Wadsworth and Guidry, JJ.)

This case arises from the Family Court of the Second Circuit's (**Family Court**)[1] determination of child support and requests for post-decree relief in a divorce proceeding between self-represented Defendant-Appellant TC (**Mother**) and Plaintiff-Appellee WC (**Father**).  Mother appeals from orders entered by the Family Court denying her request to modify her visitation with the minor child (**Child**) of Mother and Father, awarding Father attorney's fees, and granting child support to Father.[2]

---

[1] The Honorable James R. Rouse presided.

[2] In a prior appeal, WC v. TC, No. CAAP-21-0000410, 2022 WL 342944, *1 (Haw. App. Feb. 4, 2022), we dismissed Mother's appeal from the Family Court's June 23, 2021 order, which had denied Mother's motion seeking unsupervised visitation and awarded Father attorney's fees.  We dismissed on the basis that child support had not yet been decided and thus the Divorce Decree was not yet final as to child custody, visitation and support. Id. (citing Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987)).

On November 12, 2021, the Family Court entered an "Order Granting In-Part Plaintiff's August 31, 2021 Motion and Affidavit for Post-Decree Relief" (**Order Granting Child Support**).  The Order Granting Child Support resolved
(continued...)

On appeal, Mother appears to contend that the Family Court erred by: (1) denying her request to modify supervised visitation; (2) awarding Father attorney's fees related to her request to modify visitation; (3) incorrectly calculating her child support obligation because her monthly income is $800; (4) violating her constitutionally protected parental rights by ordering her to pay child support; (5) discriminating against her; and (6) granting Father an extension of an Order for Protection (**TRO**) against Mother and allowing Father to use the TRO to alienate Mother from Child.[3]

For the reasons discussed below, we affirm in part and vacate in part.

## I.  Brief Background

On December 5, 2019, the Family Court entered a Decree Granting Absolute Divorce and Awarding Child Custody (**Divorce Decree**), awarding Father sole legal and physical custody of Child, with supervised visitation by Mother.  The Divorce Decree reserved the issues of child support and property division.

On May 19, 2021, Mother filed a Motion and Affidavit for Post-Decree Relief (**Mother's 5/19/21 Motion**) seeking, *inter alia*, unsupervised visitation with Child.  On June 9, 2021, Father filed an opposition to Mother's 5/19/21 Motion arguing, *inter alia*, that in determining child custody, the Family Court

---

[2](...continued)
Father's request for child support.  Because child support has now been decided, we also have jurisdiction to address Mother's challenges to the June 23, 2021 order denying unsupervised visitation and awarding Father attorney's fees.

[3]  Mother's opening brief does not comply with the requirements of Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28, including that it does not contain any record references as required by HRAP Rule 28(b)(3), and fails to set forth where in the record she objected to the Family Court's alleged errors or brought the errors to the court's attention as required by HRAP Rule 28(b)(4).  However, the Hawaiʻi Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Therefore, we address Mother's points and arguments to the extent they can be discerned and we are able to address them.

previously found Mother committed family violence,[4] and Mother failed to show a change in circumstances such that unsupervised visitation is in the best interest of the child.  Father also requested attorney's fees incurred related to Mother's 5/19/21 Motion.

After a hearing on June 14, 2021, the Family Court entered an "Order Denying [Mother's 5/19/21 Motion]" on June 23, 2021, denying Mother's request for unsupervised visitation.  The Family Court also determined Mother's 5/19/21 Motion was frivolous and granted Father's request for attorney's fees and costs.  On July 12, 2021, the Family Court entered an order awarding Father attorney's fees and costs in the amount of $4,103.90.

On August 31, 2021, Father filed a Motion and Affidavit for Post-Decree Relief (**Father's Motion**), seeking a commencement of child support payments, enforcement of the attorney's fees award, and an order setting trial on property division.  Mother did not file an opposition to Father's Motion.

On October 7, 2021, Mother filed documents, titled as a "Certificate of Service," which included her Income and Expense Statement dated September 15, 2021 (**9/15/21 Income Statement**), and invoices related to her employment and supervised visitation.

On October 11, 2021, the Family Court held a hearing on Father's Motion.[5]  On November 12, 2021, the Family Court entered

---

[4]  The Honorable Adrianne N. Heely presided.

[5]  Mother has not provided the transcript of the October 11, 2021 hearing.  See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (brackets and citation omitted)).  We are thus hampered in our review related to Father's Motion. We attempt to address Mother's contentions to the extent possible.

Although Mother attached a purported transcript for the October 11, 2021 hearing to her notice of appeal, she did not order a transcript pursuant to HRAP Rule 10(b), and the transcript does not comport with HRAP Rule 10(b)(1)(G), which requires the court reporter to file transcripts in the appeal.  See HRAP Rule 10(b)(1)(G) ("Upon completion of each transcript and receipt of payment, the court reporter shall file the transcript through JEFS or JIMS[.]").  We are unable to consider the transcript submitted by Mother.

the Order Granting Child Support ordering Mother to provide $429 per month in child support to Father commencing from the date of Father's Motion.  On December 29, 2021, the Family Court entered Findings of Fact and Conclusions of Law (**FOFs/COLs**).  In its FOFs/COLs, the Family Court determined that based on Mother's Income and Expense Statement signed on May 17, 2021, her gross monthly income is $3,626.[6]

On April 6, 2023, Mother filed a "Statement of Case" (**4/6/23 Motion**) in this appeal which appears to be a motion requesting modification of the Family Court's visitation order in the Divorce Decree.  We address Mother's 4/6/23 Motion below.

## II.  Discussion

### A.  Visitation

Mother contends the Family Court erred in denying her request to modify supervised visitation in Mother's 5/19/21 Motion.  On appeal, Mother essentially argues that visitation should have been changed because she complied with the Family Court's orders by completing a psychological and drug evaluation.  In support of Mother's 5/19/21 Motion, Mother attested that she also took parenting classes, was currently taking anger management classes, and was working with a therapist.

"Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside

---

[6]  The Family Court's COLs state, in pertinent part,

> 14. The Court finds the child support guideline amount of $429.00 per month is based on [Father's] gross monthly income of $3,792.00 and [Mother's] gross monthly income of $3,626.00.

> 15. The Court finds that [Mother's] income was determined from her Income and Expense Statement that she signed on May 17, 2021 and attached to her May 19, 2021 Motion and Affidavit for Post Decree Relief.  Based on her income of $2,426.00 and additional income of $1,200.00, her gross monthly income totaled $3,626.00.

unless there is a manifest abuse of discretion." <u>Kakinami v. Kakinami</u>, 127 Hawaiʻi 126, 136, 276 P.3d 695, 705 (2012).  The family court's COLs are reviewed on appeal *de novo*, under the right/wrong standard.  <u>Id.</u>

On August 17, 2021, the Family Court entered Findings of Fact and Conclusions of Law (**8/17/21 FOFs/COLs**) in support of the Order Denying Mother's 5/19/21 Motion.  Mother does not make any discernible argument challenging the Family Court's findings of fact or conclusions of law.[7]

The Family Court found, *inter alia*, that in a separate case involving the parties in FC-DA No. 18-1-0361, the Family Court issued a two-year TRO against Mother that expired on July 27, 2020; the court in FC-DA No. 18-1-0361 found Mother's conduct included psychological abuse which constituted family violence under the definition of Hawaii Revised Statutes (**HRS**) § 571-2 (2018);[8] the TRO was extended to July 27, 2021; and in the instant case, after a trial on July 31, 2019, the Family Court determined that awarding sole legal and physical custody to Father was in the best interest of Child.[9]  Mother also does not contest the Family Court's findings that, based on the credible evidence at the July 31, 2019 trial, Mother had leaped off a second-story balcony, slashed Father with a sharp object

---

[7]  Unchallenged findings of fact are binding on appeal.  <u>In re Doe</u>, 99 Hawaiʻi 522, 538, 57 P.3d 447, 463 (2002).

[8]  HRS § 571-2 provides, in pertinent part:

> "Family violence" means the occurrence of one or more of the following acts by a family or household member, but does not include acts of self-defense:
> > (1) Attempting to cause or causing physical harm to another family or household member;
> > (2) Placing a family or household member in fear of physical harm . . . .

[9]  The Honorable Adrianne N. Heely presided in FC-DA No. 18-1-0361 when the TRO was issued and during the trial in this case on July 31, 2019.

The Honorable Douglas J. Sameshima presided in FC-DA No. 18-1-0361 when the TRO was extended on June 26, 2020.

requiring stitches and leaving Father with scars, and operated and crashed a vehicle while Father and Child were occupants.

The Family Court ultimately determined that, notwithstanding the exhibits and arguments in support of Mother's 5/19/21 Motion, Mother's request for unsupervised visits with Child was not in Child's best interests.

Given the record, the Family Court did not abuse its discretion in denying Mother's request for unsupervised visitation.

### B. Award of Attorney's Fees to Father

Mother argues the Family Court erred in granting Father attorney's fees related to Mother's 5/19/21 Motion.

The Hawaiʻi Supreme Court has explained that "an award of attorney's fees is in the sound discretion of the trial court, limited only by the standard that it be fair and reasonable." Hamilton v. Hamilton, 138 Hawaiʻi 185, 209, 378 P.3d 901, 925 (2016) (quoting Farias v. Farias, 58 Haw. 227, 233, 566 P.2d 1104, 1109 (1977)).

As explained above, the Family Court entered the 8/17/21 FOFs/COLs in support of the Order Denying Mother's 5/19/21 Motion. In the 8/17/21 FOFs/COLs, the Family Court cites two grounds for granting Father's request for attorney's fees: relying on HRS § 580-47(f) (2018);[10] and also determining that

---

[10]  HRS § 580-47(f) provides, in pertinent part,

> The court hearing any motion for orders either revising . . . an order for the support and maintenance of one party by the other, or a motion for an order to enforce any such order or any order made under subsection (a) of this section, may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, or violation of a restraining order issued under section 580-10(a) or (b), if any, by either party, and all other circumstances of the case.

(Emphasis added.)

Mother's 5/19/21 Motion was frivolous under <u>Doe v. Doe</u>, 118 Hawaiʻi 268, 285, 188 P.3d 782, 799 (App. 2008).  In <u>Doe</u>, this court vacated an award of attorney's fees to a father, where the family court had determined that the mother's actions had been frivolous.  We noted that HRS § 607-14.5 requires a finding "in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action."  <u>Doe</u>, 118 Hawaiʻi at 285, 188 P.3d at 799 (quoting HRS § 607-14.5(b) (2016)).  We also noted case law holding that a frivolous claim is a claim "so manifestly and palpably without merit, so as to indicate bad faith on [the pleader's] part such that argument to the court was not required."  <u>Id.</u> (citations and internal quotation marks omitted).  In <u>Doe</u>, notwithstanding the family court's determination that the mother's actions were frivolous, we held the record did not show that she acted in bad faith.  <u>Id.</u>

In this case, the Family Court found, *inter alia*, that Mother unilaterally stopped requesting visits with Child after January 27, 2021; Father first attempted to resolve the issues Mother raised in her motion, including unsupervised visitation, without involving the Family Court; despite Father's efforts to resolve these issues, Mother insisted on proceeding with a hearing before reasonable efforts to settle these issues were concluded; and Mother's 5/19/21 Motion was frivolous.  The Family Court also determined that Mother was previously warned by the Family Court on December 20, 2019, "if there are any more motions and it is considered a frivolous motion, the court agrees that attorney's fees and costs shall issue at that time."

The Family Court found Mother's 5/19/21 Motion was frivolous, but did not make specific findings that Mother's claims were not reasonably supported by the facts and the law. Moreover, there is no evidence in the record that Mother's 5/19/21 Motion was "so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument

7

to the court was not required." Taqupa v. VIPDesk, 135 Hawaiʻi 468, 479-80, 353 P.3d 1010, 1021-22 (2015) (brackets and citation omitted) (explaining that "[a] finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith.").

Although we have concluded that the Family Court did not abuse its discretion in denying Mother's request for unsupervised visits with Child, the record does not support a finding that her motion was frivolous.  In support of her motion, Mother attested that supervised visits were becoming cost prohibitive, she had been seeing and working with a therapist for eight months, she had completed an online parenting course, and also recently began anger management classes.  Mother also attached, *inter alia*, a letter dated May 10, 2021, from licensed clinical psychologist, Giulietta Swenson, Psy.D. (**Dr. Swenson**). Dr. Swenson stated, *inter alia*, that Mother initiated therapy in October 2020 and attended eleven sessions; Mother is timely to sessions and actively engaged in her treatment; in Dr. Swenson's clinical opinion, Mother is stable to move in the direction of unsupervised visits with Child; Mother has not exhibited any suicidal ideation or safety risks during Dr. Swenson's treatment of Mother; and Mother has been transparent in treatment and understands the impact of her actions on Child.

To the extent the Family Court relied on HRS § 580-47(f) to award attorney's fees and costs to Father, the court should have addressed the economic condition of the parties. Mother had attested that supervised visits with Child were becoming cost-prohibitive, and that she agreed with Dr. Swenson's recommendation of a "step-down" program leading to unsupervised visits except Mother did not have funds for a Guardian Ad Litem or a parent coordinator.  Dr. Swenson's letter also noted that Mother's visits with Child had stalled due to the cost.  There is no indication the Family Court considered the economic conditions of the parties in awarding Father his requested attorney's fees and costs in the amount of $4,103.90.

We thus conclude the Family Court abused its discretion in granting Father's request for attorney's fees.[11]

### C.  Child Support

Mother contends the Family Court erred in calculating her child support obligation because her 9/15/21 Income Statement shows she earns $800 per month.  Mother argues that based on her 9/15/21 Income Statement, the "child support order amount was over 70% of mothers [sic] [net] income and child support was not based off the Child Support guidelines."[12]  We disagree.

In determining child support, the Family Court considered the child support guideline worksheet Father submitted in support of Father's Motion.  Based on Mother's Income and Expense Statement dated May 17, 2021, and Father's Income and Expense Statement dated June 28, 2021, Father calculated Child's support needs and the parties' support obligations.  Mother did not provide a child support guideline worksheet and did not challenge Father's worksheet when she submitted her 9/15/21 Income Statement.

Although Mother argues that her 9/15/21 Income Statement reflects she earns $800 per month, we agree with Father that Mother's calculation of her monthly income is incorrect. Based on her 9/15/21 Income Statement, it appears that Mother's gross monthly income for September 2021, includes $1,115 in gross monthly income from her part time job, $2,200 in rent relief from Catholic Charities Hawaii, and $400 per week ($1,600 per month) in assistance from her father, which totals $4,915.

---

[11]  We note that on February 14, 2023, the Family Court denied Father's request for enforcement of the July 12, 2021 order and judgment awarding attorney's fees.

[12]  Mother also argues that Father's income statement did not include his rental income and improperly included expenses for his girlfriend and her four children.  As asserted by Father, Mother failed to raise this argument in the Family Court.  Thus, Mother has waived this argument by raising it for the first time on appeal.  Waldecker v. O'Scanlon, 137 Hawai'i 460, 466-67, 375 P.3d 239, 245-46 (2016) (citing Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.")).

Moreover, the Family Court based its child support ruling on Mother's Income and Expense Statement dated May 17, 2021, in which Mother's gross monthly income totaled $3,626.00, which is *lower* than the amount Mother reported in her 9/15/21 Income Statement.  Further, Mother's argument that the child support order was over 70% of her net income is likewise without merit because $429 is not 70% of Mother's net income.  As asserted by Father, the Child Support Guidelines Table of Incomes provides that given Mother's gross income of $3,626, her net income was $1,735.  Thus, Mother fails to show that the Family Court erred in determining her income or in calculating her child support obligation.

Mother argues for the first time on appeal that the Family Court violated her constitutionally protected parental rights by ordering her to pay child support.  Because she did not raise this issue below, Mother has waived this argument. Waldecker, 137 Hawaiʻi at 466-67, 375 P.3d at 245-46.

With regard to Mother's contention that the Family Court discriminated against her, Mother fails to provide any argument.  Other than disagreeing with the Family Court's decisions, Mother fails to explain how the Family Court discriminated against her or how the court erred.  Therefore, we need not address this contention.  See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

### D.  Temporary Restraining Order

Mother contends the Family Court erred in granting Father an extension of a TRO against her and allowing Father to use the TRO to alienate Mother from Child.  Mother fails to adequately identify the TRO she challenges.  There does not appear to be a TRO in this case.  Rather, Mother appears to address issues she raised in FC-DA NO. 18-1-0361 and in her appeal in that case, WC v. TC, NO. CAAP-21-0000411, 2022 WL 2841693 (Haw. App. July 21, 2022).

Hence, Mother's arguments relating to a TRO are not properly before us in this appeal and we do not address them.

### E.  Mother's Motion to This Court for Visitation

Finally, we address the motion Mother filed in this appeal.  In her 4/6/23 Motion, Mother asserts she requested a change to visitation and custody in the Family Court on February 8, 2023, while this appeal was pending.[13]  After a hearing on March 6, 2023, the Family Court determined it lacked jurisdiction while this appeal was pending and entered the "Order Denying [Mother's] Motion for Post-Decree Relief" denying Mother's request.[14]

Mother does not seek review of the Family Court's order, but instead appears to request that we modify the Family Court's Divorce Decree directly.  Mother fails to cite to any statute, court rule, or authority for this Court to directly modify a Family Court's visitation ruling and we find none.  Further, the Family Court's ruling on Mother's February 8, 2023 Motion is not properly before us and we lack appellate jurisdiction to address that ruling in this appeal.

### III.  Conclusion

Based on the foregoing, the Family Court of the Second Circuit erred in awarding Father attorney's fees and costs.  Thus, the "Order Denying Defendant's May 19, 2021 Motion and Affidavit for Post-Decree Relief" entered by the Family Court on June 23, 2021, is vacated to the extent it awarded attorney's fees to Father, and affirmed in all other respects.  The "Order and Judgment in Favor of [Father] and Against [Mother] for Attorney's Fees and Costs" entered on July 12, 2021, is vacated.

The "Order Granting In-Part Plaintiff's August 31, 2021 Motion and Affidavit for Post-Decree Relief" entered on November 12, 2021, and the "Amended Order Re: Plaintiff's August 31, 2021

---

[13]  Mother requested her visitation be changed from supervised to unsupervised and also requested that custody of Child change from Father to Mother because Father's "behavior has shown his negligent malicious interference with the mother and child relationship."

[14]  The Honorable Lance D. Collins presided.

Motion and Affidavit for Post-Decree Relief" entered on February 14, 2023, are affirmed.

Finally, Mother's "Statement of Case" filed on April 6, 2023, which we construe as a motion to modify the "Decree Granting Absolute Divorce and Awarding Child Custody" entered by the Family Court on December 5, 2019, is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, June 21, 2023.


On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
TC, Self-Represented
Defendant-Appellant                     /s/ Clyde J. Wadsworth
                                        Associate Judge
Alan Y. Okamoto,
Kleintop & Luria, LLP                   /s/ Kimberly T. Guidry
for Plaintiff-Appellee                  Associate Judge